**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jane DOE, Defendant-Appellant.**

**Nos. 79–1687, 79–1688.**

United States Court of Appeals,
Ninth Circuit.

April 7, 1980.

Rehearing Denied May 30, 1980.

Certiorari Denied Oct. 6, 1980.

See 101 S.Ct. 202.

---

Barry D. Utsinger, San Diego, Cal., for defendant-appellant.

Roger W. Haines, Jr., Asst. U. S. Atty., argued, Michael H. Walsh, U. S. Atty., Roger W. Haines, Jr., Sandra J. Wittman, Asst. U. S. Attys., San Diego, Cal., on the brief for plaintiff-appellee.

* Honorable George Templar, Senior United States District Judge for the District of Kansas, sitting by designation.

Before SNEED and PREGERSON, Circuit Judges, and TEMPLAR,* District Judge.

SNEED, Circuit Judge:

Appellant was charged in No. 79–1687 with importation of marijuana and in No. 79–1689 with jumping bail and was adjudged to be a juvenile delinquent on both charges. She was sentenced to consecutive two-year terms of probation. Appellant maintains that the district court lacked jurisdiction to proceed against her as a juvenile because she was over twenty-one years of age at the time of trial in the bail jump case and at the time of the imposition of the sentences in both cases. She also contends that the imposition of consecutive terms of probation amounting to a total of four years violated the two-year maximum term established in 18 U.S.C. § 5037(b) (1976). We reject the appellant's jurisdictional argument and affirm the judgments. However, we find merit in appellant's objection to a four-year probation term and reverse and remand for correction of the sentences.

## I.

## FACTS

In 1976, appellant, then seventeen years old, was arrested for attempting to enter the United States while carrying marijuana and heroin in her vehicle. A four-count information was filed against her, and on March 23, 1976, appellant admitted the allegations of the count charging her with importation of marijuana. The court orally found appellant to be a juvenile delinquent and continued the case for sentencing until June 21.

Appellant did not appear for sentencing but instead went to Mexico, where she remained for almost three years. On June 7, 1979, appellant surrendered before Judge Edward J. Schwartz. On August 14, 1979, an information was filed charging appellant with juvenile delinquency on the basis of her failure to appear for sentencing on the marijuana charge. Appellant denied the charge and requested a trial, which was scheduled for September 18, 1979. Disposition of the marijuana charge was also postponed, with appellant's consent, until September 18.

Then occurred the event that creates the issues of this case. On September 2, appellant became twenty-one years old. Thereafter, on September 10, she moved to dismiss both cases for lack of jurisdiction. The motion was denied. At trial, appellant was adjudged to be a juvenile delinquent on the bail jump charge and was sentenced to consecutive two-year terms of probation on the marijuana and bail jump charges. She appeals.

## II.

## JURISDICTION

Before 1974, juvenile status was defined in the Federal Juvenile Delinquency Act, Pub.L. No. 772, § 5031, 62 Stat. 857 (1948) (codified in 18 U.S.C. § 5031 (1970)) as follows:

> For the purposes of this chapter a "juvenile" is a person who has not attained his eighteenth birthday, and "juvenile delinquency" is the violation of a law of the United States committed by a juvenile and not punishable by death or life imprisonment.

In applying this definition, some federal courts held that an alleged offender, though over eighteen, was nonetheless subject to juvenile treatment if he had been under eighteen at the time the offense was committed. *United States v. Williams*, 459 F.2d 903, 905 (2d Cir. 1972); *United States v. Fotto*, 103 F.Supp. 430 (S.D.N.Y.1952). However, it also was held that jurisdiction terminated at age twenty-one. Cases so

holding were based not on section 5031, which defined juvenile status, but rather on section 5034 (codified as 18 U.S.C. § 5034 (1970)), which permitted a court to impose sentence on a juvenile only for the period of his minority. *See, e. g., United States v. Hall*, 306 F.Supp. 735 (E.D.Tenn.1969).

In 1974, Congress enacted amendments to the Juvenile Delinquency Act. Juvenile Justice and Delinquency Prevention Act of 1974, Pub.L. No. 93–415, Title V, Part A, 88 Stat. 1109, 1133. Under the amended act, if a juvenile delinquent is over nineteen at the time of disposition, the court may impose a sentence which runs beyond the juvenile's twenty-first birthday. 18 U.S.C. § 3057(b) (1976). Thus, the amendment renders earlier decisions holding that juvenile jurisdiction ended when an individual turned twenty-one inapplicable in this case. However, section 5031 was also amended in 1974, and now reads:

> For the purposes of this chapter, a "juvenile" is a person who has not attained his eighteenth birthday, *or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday*, and "juvenile delinquency" is the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult.

18 U.S.C. § 5031 (1976) (emphasis added).

Borrowing from the pre-1974 interpretation of section 5034, appellant interprets section 5031 as amended to mean that juvenile jurisdiction ends when an accused attains the age twenty-one, without regard to the stage to which juvenile proceedings then may have advanced. The government, on the other hand, argues that the filing of an information against an accused commences the process of "proceedings and disposition," for the purposes of section 5031, and that juvenile jurisdiction should thus be determined by the accused's age at the time the information is filed.

■ The language of section 5031 compels acceptance of neither interpretation.

Both are plausible. Nor are we aware of other cases that have discussed the issue. Because it is important that jurisdiction be established at the beginning of a proceeding and that once fixed it endure throughout, we hold that the government's interpretation of section 5031 is preferable. Under the appellant's reading, a court would not know whether its jurisdiction in a juvenile case was dependable until after final disposition. The result would be a waste of judicial resources. Cases frequently would abort after court and counsel had already expended considerable time and effort in preparation and trial.

More serious would be the effects of appellant's view on the conduct of proceedings. In cases in which an alleged offender was nearing twenty-one, the government would be forced either to postpone the initiation of a proceeding so that the accused could be treated as an adult, or to rush the proceeding to its conclusion so that the case would reach disposition before the accused's twenty-first birthday. Neither course is desirable. The former would entail undesirable, and perhaps unconstitutional, delay; the latter would cause cases to be tried and disposed of without adequate time for preparation or deliberation. Courts and juveniles also would be affected. A court, for example, would be disinclined to grant legitimate requests for continuances in order to avoid losing jurisdiction. Juveniles would have a strong incentive to create delays or even, as in this case, to flee before the case could be finished. On the other hand, if retrial as an adult were permitted, the juvenile would be under pressure to admit guilt or to seek hasty disposition of his case in order to receive the more lenient treatment accorded juveniles.

None of these consequences is consistent with the purposes of the Juvenile Delinquency Act or with the ideal of due process of law. We, therefore, reject the appellant's interpretation of section 5031. We take modest comfort in the fact that appellant's contention is belied by section 5037(b) which permits juveniles to be placed in commitment or on probation, and thus kept within juvenile jurisdiction, for periods extending beyond their twenty-first birthday.

■ Consistent with our interpretation of section 5031, we hold that inasmuch as the offenses with which appellant was charged occurred while she was under the age of eighteen and both informations against appellant were filed before her twenty-first birthday, the district court was correct in treating the cases as within its juvenile jurisdiction.

### III.

### SENTENCES

■ As previously pointed out, appellant received consecutive two-year terms of probation. Appellant contends that this violates 18 U.S.C. § 5037(b) (1976), which in pertinent part provides:

> Probation, commitment, or commitment in accordance with subsection (c) shall not extend beyond the juvenile's twenty-first birthday or the maximum term which could have been imposed on an adult convicted of the same offense, whichever is sooner, *unless the juvenile has attained his nineteenth birthday at the time of disposition, in which case probation, commitment, or commitment in accordance with subsection (c) shall not exceed the lesser of two years or the maximum term which could have been imposed on an adult convicted of the same offense.*

(Emphasis added.) Appellant argues that this section limits the period of punishment which can be imposed in her case to two years. The government contends that the limitation applies only to the sentence for each offense, thus permitting cumulative sentences that exceed two years.

We are not aware of any decision that has addressed this issue. The background of the section suggests, however, that Congress intended to limit the total period for which a juvenile could be sentenced, not just the period for individual offenses. Once more the pre-1974 law provides helpful insights. Before 1974, the Juvenile Delinquency Act permitted a juvenile to be placed in commitment or on probation "for

a period not exceeding his minority . . ." Pub.L. No. 772, § 5034, 62 Stat. 858 (1948) (codified in 18 U.S.C. § 5034 (1970)). This provision established an overall limitation on sentencing; a juvenile could not receive a sentence extending beyond his twenty-first birthday, regardless of the number of offenses for which he had been adjudged delinquent. The method for dealing with more serious crimes was not to employ consecutive sentences, but rather to proceed against the offender as an adult. *Id.,* § 5032, 62 Stat. 857 (codified in 18 U.S.C. § 5032 (1970)). The 1974 amendments did not alter this general scheme. Ordinarily, a juvenile still cannot be committed or placed on probation beyond his twenty-first birthday. 18 U.S.C. § 5037(b) (1976). However, because this general limitation would prevent meaningful sentencing of juveniles who are close to twenty-one at the time of disposition, an exception was added to section 5037(b) to allow probation or commitment for a period not exceeding two years for juveniles, such as appellant, who are over nineteen at the time of disposition. Senator Bayh explained the purpose of this amendment:

> [T]his is a technical amendment to clarify time limitations on juvenile disposition. The provision as drafted was intended as a general rule to provide that probation or custody as a juvenile delinquent would not extend beyond the lesser of the period provided by Congress for the offense or the juvenile's 21st birthday; however, in order to provide some meaningful sanction for juveniles tried late in the period—between their 19th and 21st birthdays—language was added in the substitute intended to permit overrunning the 21st birthday if necessary to retain juvenile probation or custody for the period provided by the Congress for the offense or a period of 2 years, whichever occurred sooner. The amendment I am offering makes clear this intent.

120 Cong.Rec. 25179 (1974).

Although the 1974 amendment thus permits a court to sentence a juvenile delinquent for a period extending beyond the juvenile's twenty-first birthday, nothing in its legislative history suggests that Congress intended to abrogate the limitation on the total length of sentences. Indeed, to construe the amendment as the government suggests would result in serious incongruities in the treatment of juveniles. An individual, for example, found delinquent on multiple offenses and sentenced the day before his nineteenth birthday could receive a maximum sentence of two years; if the hearing were postponed for one day, however, the juvenile would be eligible, depending on the number of offenses, for a greater sentence. Such a construction should be embraced only when the intent of Congress is more clear than it is in this instance.

The sentence imposed by the district court violates the two-year limitation established in section 5037(b). The defect should be remedied by making the probationary terms concurrent rather than consecutive. *Cf. Fox v. United States,* 354 F.2d 752, 754 (10th Cir. 1965). We remand so that the district court may make this correction.

Affirmed in part, Reversed in part, and Remanded.