**In re Jack Glenn MARTIN, Petitioner.**

No. 86–5221.

United States Court of Appeals, Eleventh Circuit.

April 16, 1986.

\* See Rule 3(b), Rules of the U.S. Court of Appeals

Theodore J. Sakowitz, Federal Public Defender, Stewart G. Abrams, Asst. Federal Public Defender, Miami, Fla., for petitioner.

On Petition for Writ of Mandamus and/or Prohibition to the United States District Court for the Southern District of Florida.

Before RONEY and HATCHETT, Circuit Judges, and HENDERSON \*, Senior Circuit Judge.

BY THE COURT:

Jack Glenn Martin has brought a Petition for Mandamus and/or Prohibition, as an emergency matter. He seeks to have this court restrain the district court from further proceedings against him on the ground that he is being improperly tried without the protections of the Juvenile Delinquency Act.

Jack Glenn Martin, and two other persons, were indicted in the United States District Court for the Southern District of Florida for the crimes of conspiracy to import marijuana, conspiracy to possess with the intent to distribute marijuana, and importation and possession with the intent to distribute marijuana, in violation of several sections of Title 21 U.S.C. Martin and the other defendants are also charged with in-

for the Eleventh Circuit.

timidating a government informant, in violation of Title 18 U.S.C. § 1512. Martin has entered pleas of not guilty to all counts of the indictment in which he is named.

In the conspiracy counts, the indictment charges that a conspiracy existed from an unknown date until about June, 1984. The alleged overt acts pertaining to Martin's participation in the conspiracy are confined to August and September, 1981, at which time Martin was seventeen years old. The count charging Martin with intimidation of a law enforcement informant alleges that the crime occurred on June 9, 1984, when Martin was twenty years old.

As to the intimidation charge, the government filed a criminal complaint against Martin and arrested him pursuant to that complaint. This complaint was dismissed.

Martin makes three contentions: (1) that the overt acts of the conspiracy which relate to him and form the basis of his inclusion in the conspiracy counts occurred when he was seventeen years of age; (2) that his arrest on the intimidation charge, which occurred prior to his twenty-first birthday, constituted the beginning of "proceedings" as defined by the Juvenile Delinquency Act; and (3) that the government could have brought all of the charges contained in its indictment prior to his twenty-first birthday.

Martin presented these contentions to the district court in a motion to dismiss the indictment. The district court denied the motion to dismiss and set trial for June, 1986.

Title 18 U.S.C. § 5031 defines a "juvenile" as:

A person who has not attained his eighteenth (18th) birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first (21st) birthday, and

"juvenile delinquency" is the violation of a law of the United States committed by a person prior to his eighteenth (18th) birthday which would have been a crime if committed by an adult.

We agree with Martin that the alleged overt acts occurred when he was within the age limits of the Juvenile Delinquency Act.

Title 18 U.S.C. § 5032 provides, in applicable part:

A juvenile alleged to have committed an act of juvenile delinquency ..., shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the Juvenile Court or other appropriate court of a state does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available programs and services adequate for the needs of juveniles, or, (3) the offense charged is a crime of violence that is a felony or an offense described in Sections 841, 952(a), 955, or 959 of Title 21, and that there is a substantial federal interest in the case or the offense to warrant the exercise of federal jurisdiction.

We agree with Martin that no certification has been filed in compliance with section 5032. We further agree with Martin that the intimidation charge was filed prior to the time that he was twenty-one years old. Although we agree with Martin on his factual allegations, relief is foreclosed by case law.

▮ The crucial date for determining whether the Juvenile Delinquency Act applies is the date on which the government institutes proceedings. In *United States v. Ariaza-Valdez*, 713 F.2d 430 (9th Cir.1980), a complaint was filed against a seventeen-year-old; however, the government did not bring its indictment until the person was twenty-four years old. The Ninth Circuit

held that the complaint did not begin the "proceedings;" the indictment began the proceedings. *United States v. Doe*, 631 F.2d 110 (9th Cir.1980), establishes the same rule. We agree with the reasoning of the Ninth Circuit.

The date of the offense is not determinative; the filing of the complaint did not commence "proceedings" under Title 18 U.S.C. § 5031; and the fact that the government could have brought the charges earlier is irrelevant.

Accordingly, the Petition for Writ of Mandamus and/or Prohibition is DENIED.