UNITED STATES of America,
Plaintiff–Appellee,

v.

Carlton J. SMITH,
Defendant–Appellant.

No. 87–5683.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 2, 1988.

Decided July 12, 1988.

---

Richard Luby Cannon, III, Greenville, N.C., for defendant-appellant.

John Stuart Bruce, Asst. U.S. Atty. (J. Douglas McCullough, Acting U.S. Atty., Matthew F. Bogdanos, Sp. Asst. U.S. Atty., Raleigh, N.C., on brief), for plaintiff-appellee.

Before WINTER, Chief Judge, CHAPMAN, Circuit Judge, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.

HARRISON L. WINTER, Chief Judge:

In a prior appeal, *United States v. Juvenile Male*, 819 F.2d 468 (4 Cir.1987), we held that defendant, who allegedly confessed to having murdered three of his relatives in 1981 when he was fifteen years old, but who was not apprehended and charged with the crime by juvenile information until 1986 when he was twenty, could not be prosecuted as an adult under the transfer provision of 18 U.S.C. § 5032 (Supp. II 1984), which had been added after the crimes were committed. In our view, the government could only proceed against the defendant as a juvenile delinquent under the provisions of 18 U.S.C. § 5037 (1982), because to apply the subsequent amendment would violate the Constitutional prohibition against *ex post facto* legislation.

Before our decision was rendered, defendant became twenty-one; and after our decision was rendered, the government sought and was granted leave to dismiss the juvenile information.[1] The information was dismissed on July 6, 1987, and on July 7, 1987, a grand jury indicted defendant, charging him with the three counts of first-

1. Leave to dismiss was sought and obtained under Rule 48(a), F.R.Crim.P.

degree murder allegedly committed by him when he was fifteen, and one count of alleged escape.[2]

In the district court, defendant sought to dismiss the murder indictment on several grounds, viz. that the dismissal of the juvenile information constituted gross prosecutorial misconduct, an abuse of discretion and prosecutorial harassment, that the dismissal of the juvenile information and subsequent indictment constituted vindictive prosecution, and that the *Ex Post Facto* clause and the Due Process clause barred defendant's indictment as an adult. The district court considered and rejected these contentions in a memorandum opinion, and defendant appeals. He essentially raises these same points, and the government, in addition to responding to his contentions, asserts that the denial of the motion to dismiss the indictment (as to the three counts charging murder) is not a final order and hence is not appealable. Thus we must decide if this appeal is properly before us, and if so, the correctness of the district court's denial of the motion to dismiss.

■ We hold that we have jurisdiction of this appeal, and we reverse.

## I.

■ We think that the order denying defendant's motion to dismiss the indictment is appealable under the exception to the final decision requirement, 28 U.S.C. § 1291, formulated in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). *Cohen* and subsequent decisions interpreting *Cohen* permit as an exception to the requirement that appeals may only be taken from final decisions, orders which "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). Certain-

ly the district court's order in this case conclusively establishes at the district court level that defendant may be tried as an adult and not as a juvenile. That issue is quite separate and distinct from whether he is or is not guilty of the crimes charged. While, if found guilty as an adult, defendant could still contest the legality of trying him as an adult, we think that much of the sequellae of his right to be tried as a juvenile, if that claim is meritorious, would be irrevocably lost, so that it may fairly be said that his claim is "effectively unreviewable on appeal from a final judgment." An accused proceeded against as a juvenile delinquent has statutory rights not given to an accused who is tried as an adult. A juvenile is entitled to the sealing of court records, limitation of inquiries into records, protection from photographing and withholding of his name and picture from the news media. *See* 18 U.S.C. § 5038; *United States v. C.G.*, 736 F.2d 1474 (11 Cir.1984).

We view these statutory protections given to juveniles as analogous to the guarantee against double jeopardy. The denial of a motion to dismiss an indictment on the ground of double jeopardy was held appealable in *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Similarly, the denial of a pretrial assertion of immunity under the Speech and Debate Clause of the Constitution was held to be within the collateral order exception in *Helstoski v. Meanor*, 442 U.S. 500, 99 S.Ct. 2445, 61 L.Ed.2d 30 (1979), and appellate review in juvenile cases from orders to transfer the juvenile for trial as an adult have been permitted in *United States v. Juvenile Male, supra*; *United States v. C.G., supra*; and *United States v. A.W.J.*, 804 F.2d 492 (8 Cir.1986). Based upon these authorities, we think that the denial of the motion to dismiss the indictment in the present case is appealable, and we so hold.

## II.

■ In the parties' and the district court's view, this case presents close issues

---

**2.** The escape was alleged to have occurred on January 10, 1987 before defendant became twenty-one. While dismissal of this count of

the indictment was unsuccessfully sought in the district court, the correctness of the denial of dismissal is not raised in this appeal.

of alleged prosecutorial vindictiveness and harassment and as involving the Due Process Clause and *Ex Post Facto* prohibition. We see it, however, as a simple issue of statutory application.

There is no question that Smith was proceeded against as a juvenile delinquent by the filing of a juvenile information against him while he was under the age of twenty-one. Both the statute in effect then and in effect now provided that if a juvenile is proceeded against as an alleged juvenile delinquent in a district court, "the Attorney General shall proceed by information, *and no criminal prosecution shall be instituted for the alleged acts of juvenile delinquency except as provided below*", 18 U.S.C. § 5032.[3] None of the exceptions is applicable here. They include a request by the juvenile to be tried as an adult, the

transfer of juveniles fifteen years or older accused of the commission of a felony that is a crime of violence or other designated drug offenses for prosecution as an adult,[4] and the transfer of a juvenile over sixteen accused of certain other felonies for prosecution as an adult.

Reduced to its simplest terms, the statute says that if one in Smith's circumstances is proceeded against as a juvenile delinquent by information, *no* other criminal prosecution shall be instituted against him except with certain exceptions, none of which applies here. Because the statute is plain and unambiguous, we conclude that it should be applied literally.[5] We conclude that, although jeopardy had not yet attached at the time the district court dismissed the information against defendant,

3. The actual text of the pertinent portions of present § 5032 follow:

**§ 5032. Delinquency proceedings in district courts; transfer for criminal prosecution**

. . . . .

If an alleged juvenile delinquent is not surrendered to the authorities of a State or the District of Columbia pursuant to this section, any proceedings against him shall be in an appropriate district court of the United States. For such purposes, the court may be convened at any time and place within the district, in chambers or otherwise. *The Attorney General shall proceed by information, and no criminal prosecution shall be instituted for the alleged act of juvenile delinquency except as provided below.*

A juvenile who is alleged to have committed an act of juvenile delinquency and who is not surrendered to State authorities shall be proceeded against under this chapter unless he has requested in writing upon advice of counsel to be proceeded against as an adult, except that, with respect to a juvenile fifteen years and older alleged to have committed an act after his fifteenth birthday which if committed by an adult would be a felony that is a crime of violence or an offense described in section 841, 952(a), 955, or 959 of title 21, criminal prosecution on the basis of the alleged act may be begun by motion to transfer of the Attorney General in the appropriate district court of the United States, if such court finds, after hearing, such transfer would be in the interest of justice; however, a juvenile who is alleged to have committed an act after his sixteenth birthday which if committed by an adult would be a felony offense that has [as] an element thereof the use, attempted use, or threatened use of physical force against the person of another, or that, by its

very nature, involves a substantial risk that physical force against the person of another may be used in committing the offense, or would be an offense described in section 32, 81, 844(d), (e), (f), (h), (i) or 2275 of this title, and who has previously been found guilty of an act which if committed by an adult would have been one of the offenses set forth in this subsection or an offense in violation of a State felony statute that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed, shall be transferred to the appropriate district court of the United States for criminal prosecution. (emphasis added)

4. This provision was added in 1984 and under our holding in *United States v. Juvenile Male, supra,* does not apply in this case.

5. Our dissenting colleague is of the view that Smith does not fall within the definition of "juvenile" because the information under § 5032 was dismissed, and Smith was not indicted until he had attained age 21. No explanation is advanced as to why dismissal of the juvenile information, which had been filed when Smith was under 21, was not a "disposition" of the proceeding within the meaning of § 5031. We think that the dismissal was a "disposition" of the proceedings so that Smith was squarely within the definition of "juvenile", and the prohibition against another criminal prosecution is fully applicable.

As the authorities cited by our brother demonstrate, this would be a far different case if the government had not filed an information against Smith or sought an indictment until after Smith became 21 or had merely filed a complaint which was not followed by an information while Smith was under the age of 21.

once the government invokes 18 U.S.C. § 5032, it may not in the future proceed against the defendant except in accordance with the terms of that provision. It is of little consequence that the government did not manufacture in bad faith the delays in prosecution which resulted in the defendant still awaiting trial as of his twenty-first birthday. The Act itself contemplates that jurisdiction over someone in the defendant's circumstances is not automatically lost once he attains the age of 21. *See* 18 U.S.C. § 5037(b); *United States v. Doe,* 631 F.2d 110, 112–13 (9 Cir.), *cert. denied,* 449 U.S. 867, 101 S.Ct. 202, 66 L.Ed.2d 86 (1980). Therefore the indictment insofar as it charges Smith with murder is invalid as being in violation of the statute. It follows that the indictment should be dismissed.[6]

The order of the district court is accordingly reversed and the case remanded with directions to dismiss the counts of the indictment charging murder.

REVERSED AND REMANDED.

CHAPMAN, Circuit Judge, dissenting;

I cannot agree with the majority on its determination of either of the questions presented, so I must dissent.

I

First, I do not believe the order of the district court denying the defendant's motion to dismiss the indictment is appealable under any exception to the final decision requirement of 28 U.S.C. § 1291 (1982), as set forth in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). I agree that the first two *Cohen* requirements have been met. The order of the district court has conclusively determined a disputed question, and the question is com-

pletely separate from the merits of the action, but the decision is not effectively unreviewable on appeal from a final judgment. Smith's claim that he should not be tried as an adult would be preserved and could be presented to this court after his case has been tried and a final judgment entered.

The majority equates the statutory protections given to juveniles with the constitutional guarantee against double jeopardy. I cannot fathom this reasoning, nor can I understand the conclusion of the majority that the third *Cohen* element is satisfied in this case because "much of the [sequelae] of his right to be tried as a juvenile, if that claim is meritorious, would be irrevocably lost, so that it may fairly be said that his claim is 'effectively unreviewable on appeal from a final judgment.'" *See* Majority Opinion, *supra* p. 708. Smith is no longer a juvenile. He is now 22 years of age. He is no longer the anonymous "Juvenile Male" we referred to in our prior opinion. He is now charged in his real name because he is an adult. He is no longer entitled to the other "sequelae" available to juveniles under the Juvenile Delinquency Act (JDA or "the Act"), 18 U.S.C. § 5031 *et seq.* (1982 & Supp. IV 1986).

II

"Finality as a condition of review is an historic characteristic of federal appellate procedure." *Cobbledick v. United States,* 309 U.S. 323, 324, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940). In *Flanagan v. United States,* 465 U.S. 259, 264, 104 S.Ct. 1051, 1054, 79 L.Ed.2d 288 (1984), the Court stated:

The Court has also long held that "this policy is at its strongest in the field of criminal law." [*United States v. Hollywood Motor Car Co.,* 458 U.S. 263, 265,

---

6. We express no view with respect to the effect of the government's dismissal of the juvenile information on possible further proceedings. We note, however, as support to our reading of the statute and the effect to be given it, that had the information not been dismissed, the district court sitting as a juvenile court would not have lost jurisdiction of the case when defendant reached age twenty-one. Even then, if it adjudicated him a delinquent, it would have been

authorized, under 18 U.S.C. § 5037(b), prior to its amendment by Pub.L. 99–646, 100 St. 3596, effective November 1, 1987, to order his commitment for not exceeding two years. We note, however, that since the 1987 amendment, the period of maximum detention is fixed at three years, unless the juvenile had attained the age of twenty-two. In the latter event, the statute, as amended in 1987, is silent as to probation or detention.

102 S.Ct. 3081, 3082, 73 L.Ed.2d 754 (1982).] More than forty years ago the Court noted that the reasons for the final judgment rule are "especially compelling in the administration of criminal justice." *Cobbledick v. United States, supra,* [309 U.S.] at 325 [60 S.Ct. at 541]. Promptness in bringing a criminal case to trial has become increasingly important as crime has increased, court dockets have swelled, and detention facilities have become overcrowded.

In *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the Court permitted interlocutory appeal of an order denying a pretrial motion to dismiss an indictment on double jeopardy grounds as an exception to the final decision rule. The present case, however, does not involve double jeopardy. Smith was never placed in jeopardy as a juvenile. The juvenile information filed against him was dismissed before any evidence was received. It is obvious from the language of 18 U.S. C. § 5032 that jeopardy does not attach until the juvenile proceedings reach the stage at which evidence has begun to be taken with respect to the crime or a guilty plea has been entered. The relevant language is as follows:

> Once a juvenile has entered a plea of guilty or the proceeding has reached the stage that evidence has begun to be taken with respect to a crime or an alleged act of juvenile delinquency subsequent criminal prosecution or juvenile proceedings based upon such alleged act of delinquency shall be barred.

18 U.S.C. § 5032.

The appellant did not enter a plea of guilty and the proceedings had not reached a stage at which evidence had been taken. Thus, he has never been in jeopardy and the present facts do not satisfy the third prong of *Cohen* nor the requirements of *Abney.*

### III

The majority's application of 18 U.S.C. § 5032 overlooks "juvenile," the most important word in the statute. If one is not a juvenile, he is not covered by the statute, nor is he entitled to be treated as a juve-

nile. A juvenile is defined as (1) "a person who has not attained his eighteenth birthday," or (2) "for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday...." 18 U.S.C. § 5031. When Smith was indicted, he was twenty-one years of age and he could not claim the rights of a juvenile under statute.

The language of the statute used by the majority in its interpretation—"the Attorney General shall proceed by information, and no criminal prosecution shall be instituted for the alleged acts of juvenile delinquency except as provided below"—applies only to "an alleged juvenile delinquent." *See* Majority Opinion, *supra* p. 709 (emphasis omitted). This provision does not apply to an adult who has been indicted for a crime allegedly committed while he was a juvenile.

In *United States v. Juvenile Male,* 819 F.2d 468 (4th Cir.1987), we did not face the issue or decide the question presented in the present appeal, because at that time appellant had not attained the age of twenty-one.

Under § 5031 the words "juvenile" and "juvenile delinquency" are defined, for the purposes of the Juvenile Delinquency Act, as follows:

> For the purposes of this chapter, a "juvenile" is a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday, and "juvenile delinquency" is the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult.

18 U.S.C. § 5031.

It seems obvious from the definitions that the act of juvenile delinquency must be committed prior to age eighteen, but proceedings against the person who committed the act of juvenile delinquency can be had as against a person who has not

attained his twenty-first birthday. Therefore, there are two requirements for proceeding under the Juvenile Delinquency Act: First, there must be an act of juvenile delinquency committed prior to the person's eighteenth birthday; second, proceedings under the Act for the alleged act of juvenile delinquency must occur prior to the accused attaining his twenty-first birthday. In the present case Smith meets only the first requirement: his act of alleged juvenile delinquency occurred prior to his eighteenth birthday. He does not meet the second requirement necessary to be treated as a juvenile because there was no "disposition under this chapter" (Juvenile Delinquency Act) and the proceedings under the Act had been dismissed.

The crucial date for determining whether the Juvenile Delinquency Act applies is the date on which the Government institutes proceedings. *In re Martin,* 788 F.2d 696 (11th Cir.), *cert. denied,* 478 U.S. 1009, 106 S.Ct. 3306, 92 L.Ed.2d 719 (1986). Martin was indicted for conspiracy to import marijuana. The indictment charged that the conspiracy existed from an unknown date until about June 1984 and that Martin's participation in the conspiracy was confined to August and September 1981, when he was seventeen years of age. There was an additional count charging Martin with intimidation of a law enforcement informant, which occurred on June 9, 1984, when Martin was twenty years of age. On the intimidation charge the Government filed a criminal complaint against Martin and arrested him pursuant to that complaint, but it was later dismissed.

Martin contended that the overt acts relating to him occurred when he was seventeen years of age, that his arrest on the intimidation charge which occurred prior to his twenty-first birthday constituted the "beginning of proceedings" as defined in the Juvenile Delinquency Act, and that the government could have brought all of the charges contained in its indictment prior to his twenty-first birthday. The court found that the crucial date was the date the Government instituted proceedings. It further found that the indictment, not the complaint, began the proceedings. The

*Martin* court concluded, "The date of the offense is not determinative; the filing of the complaint did not commence 'proceedings' under Title 18 U.S.C. § 5031; and the fact that the government could have brought the charges earlier is irrelevant." 788 F.2d at 698.

In *United States v. Araiza–Valdez,* 713 F.2d 430 (9th Cir.1980), the complaint was filed against a seventeen-year-old, but the Government did not bring the indictment until the person was twenty-four years of age. Citing *United States v. Doe,* 631 F.2d 110 (9th Cir.), *cert. denied,* 449 U.S. 867, 101 S.Ct. 202, 66 L.Ed.2d 86 (1980), the Ninth Circuit held that the complaint did not begin proceedings, rather the indictment began the proceedings. In the present case the majority opinion states:

> The Act itself contemplates that jurisdiction over someone in the defendant's circumstances is not automatically lost once he attains the age of twenty-one. *See* 18 U.S.C. § 5037(b); *United States v. Doe,* 631 F.2d 110, 112–13 (9th Cir.), *cert. denied,* 449 U.S. 867, 101 S.Ct. 202, 66 L.Ed.2d 86 (1980). Therefore the indictment insofar as it charges Smith with murder is invalid as being in violation of the statute.

*See supra* p. 710.

In *United States v. Doe, supra,* the appellant was seventeen years of age in 1976 when she was arrested for attempting to enter the United States while carrying marijuana and heroin in her vehicle. A four-count information was filed against her and on March 23, 1976, she admitted the allegations of the count charging her with the importation of marijuana. *The court found her to be a juvenile delinquent* and continued the case for sentencing until June 21, 1976. 631 F.2d at 111. She did not appear at sentencing, but instead went to Mexico where she remained for almost three years.

On June 7, 1979, she surrendered and on August 14, 1979, an information was filed charging her with juvenile delinquency on the basis of her failure to appear for sentencing on the marijuana charge. She de-

nied the charge and requested a trial, which was scheduled for September 18, 1979. The sentencing on the marijuana charge was also postponed at her request until that date.

On September 2 appellant became twenty-one years of age and on September 10 she moved to dismiss both cases for lack of jurisdiction. This motion was denied and the trial proceeded on September 18. Appellant was adjudged to be a juvenile delinquent on the bail jump charge and was sentenced to consecutive two-year terms of probation on the marijuana and the bail jump charge.

Doe contended that when she became twenty-one the JDA no longer applied to her. She contended that the amendments to § 5031, which defined a "juvenile" as, "for the purpose of proceedings and disposition under this chapter for an alleged act of juvenile delinquency, a person who has not attained his twenty-first birthday," required that juvenile jurisdiction ended when she attained twenty-one without regard to the stage to which the juvenile proceedings may have advanced. 631 F.2d at 112. The Government argued that the filing of an information against an accused commenced the proceedings and disposition mentioned in § 5031 and that juvenile jurisdiction should thus be determined by the age of the accused at the time the information was filed.

The court did not adopt either interpretation, but held that both were plausible. *Id.* at 112–13. It held that Doe's reading of the statute would put a court in a position in which it did not know whether its jurisdiction in a juvenile case was dependable until after final disposition. It determined that this would result in a waste of judicial resources. *Id.* at 113. It stated that in cases of an alleged offender nearing the age of twenty-one, the Government would be forced either to postpone the initial proceedings so that the accused could be treated as an adult or to rush the proceedings to a conclusion so that the case could be disposed of before the defendant's twenty-first birthday. It held that these conse-

quences were not consistent with the purposes of the JDA and stated,

> We therefore reject the appellant's interpretation of section 5031. We take modest comfort in the fact that appellant's contention is belied by section 5037(b) which permits juveniles to be placed in commitment or on probation, and thus kept within juvenile jurisdiction, for periods extending beyond their twenty-first birthday.
>
> Consistent with our interpretation of section 5031, we hold that inasmuch as the offenses with which the appellant was charged occurred while she was under the age of eighteen and both informations against appellant were filed before her twenty-first birthday, the court was correct in treating the cases as within its juvenile jurisdiction.

631 F.2d at 113.

In *Doe* the proceedings had reached the point at which the appellant had entered a plea of guilty. The merits had been reached and Doe had been put in jeopardy. Doe was attempting to escape from coverage under the Act, but she had already entered a plea to being a juvenile delinquent and the proceedings had reached a point at which there could be no other criminal prosecution for her act of delinquency.

Here, the information filed against Carlton Smith has been dismissed. He did not plead guilty to the information and no evidence was taken in support of it, so subsequent prosecution for his alleged criminal acts is not barred by the language of § 5032. The Government should be allowed to proceed with the trial under the present indictment.