**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Kevin VON SPIVEY, a/k/a Kevin Bell, a/k/a Kevin Gunn, Defendant–Appellant. (Two Cases)**

Nos. 89–5421, 89–5422.

United States Court of Appeals,
Fourth Circuit.

Argued Nov. 2, 1989.

Decided Feb. 5, 1990.

James Christopher Savage, Rockville, Md., for defendant-appellant.

E. Thomas Roberts, Asst. U.S. Atty. (Breckinridge L. Willcox, U.S. Atty., Baltimore, Md., on brief) for plaintiff-appellee.

Before ERVIN, Chief Judge, BUTZNER, Senior Circuit Judge, and WARD, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.

HIRAM H. WARD, Senior District Judge:

Kevin Von Spivey appeals, alleging that his reindictment following a grant of mistrial violates the double jeopardy clause. Specifically, appellant contends that no manifest necessity existed to support the grant of mistrial. The district court denied appellant's motion to dismiss the subsequent indictment. We affirm.

I

On April 27, 1988, appellant, together with other defendants, was charged in a superseding indictment with conspiracy to distribute phencyclidine. Subsequent to

---

his arrest appellant appeared in detention hearings represented by retained counsel, James W. Robertson. During the course of the pretrial proceedings, it became apparent to the district court that appellant's counsel was seriously ill. At a pretrial motions hearing the district judge inquired into the health of appellant's attorney and indicated that he would allow appellant to retain new counsel, or would appoint new counsel in an effort to prevent subsequent problems at trial. Appellant and his counsel assured the court that they were prepared for the upcoming trial.

The trial of appellant and three co-defendants began on October 24, 1988. On November 1 appellant's counsel failed to appear in court because of illness. After contacting appellant's counsel by phone and consulting with all the parties, the trial court continued the trial to the next day to ascertain when appellant's counsel might return. That day the severity of counsel's illness became apparent and the district judge continued the matter for one week to determine whether counsel would be able to return to the trial. The court sent a memorandum to appellant's counsel indicating that it could not delay the trial beyond the following Monday, November 7, 1988. That Monday, the district judge learned that appellant's counsel had been hospitalized and that it appeared unlikely that he would return in the foreseeable future.

The district judge considered numerous alternative resolutions, including the immediate appointment of new counsel. On November 2 the three co-defendants indicated that they desired a mistrial in the event that appellant's counsel was unable to proceed. Appellant indicated that he wanted the trial to continue even if his counsel could not return and would act as his own attorney. Eventually, however, the co-defendants indicated that they wanted to continue with the trial but not if appellant proceeded pro se. The co-defendants moved for a severance from appellant.

When it became obvious on November 7 that counsel would not return, the district judge severed appellant from his co-defendants and declared a mistrial as to appel-

lant only. The trial of the remaining defendants continued to verdict on November 17, 1988. On November 30, 1988, the grand jury returned an indictment against appellant and three others charging them in counts similar to those contained in the April 27, 1988, indictment. On April 20, 1989, appellant moved to dismiss that indictment for violation of the double jeopardy clause. Appellant now challenges the district court's denial of his motion to dismiss, contending that the mistrial of November 7, 1988, was declared in the absence of manifest necessity.

II

This matter comes before the Court as an expedited interlocutory appeal. The denial of a motion to dismiss an indictment on the grounds of double jeopardy was held appealable in *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). There, applying the principles set out in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), the Court determined that such a denial falls within the collateral order exception to the rule of finality as required by 28 U.S.C. § 1291. *See United States v. Smith*, 851 F.2d 706, 708 (4th Cir.1988).

It is clear that the Fifth Amendment allows a defendant to be tried a second time when at the first trial the court properly declared a mistrial. *United States v. Wayman*, 510 F.2d 1020 (5th Cir.1975). A determination of whether or not to declare a mistrial rests within the discretion of the trial judge, but a grant of mistrial must be supported by a "high degree of necessity." *United States v. Sartori*, 730 F.2d 973, 976 (4th Cir.1984); *Harris v. Young*, 607 F.2d 1081, 1085 (4th Cir.1979). "A reviewing court must determine that the trial judge did not act irrationally or irresponsibly, and that the mistrial order reflects the exercise of sound discretion." *Id.* (citations omitted). Great deference is afforded the trial judge's discretion. *Arizona v. Washington*, 434 U.S. 497, 513, 98 S.Ct. 824, 834, 54 L.Ed.2d 717 (1978).

Appellant contends that his reindictment constitutes double jeopardy because no manifest necessity justified the trial court's

declaration of mistrial on November 7, 1988. However, after considering the record on appeal and hearing arguments of counsel, we conclude that the district judge had no real choice but to declare a mistrial. We further conclude that manifest necessity clearly existed and that the district judge acted well within his discretion in declaring a mistrial on that basis.

The district court considered every reasonable resolution to the situation posed by defense counsel's illness. Upon learning of counsel's absence, the court attempted to determine how long counsel would remain unavailable. After learning that counsel had been hospitalized, the district judge delayed the trial nearly a week in order to be certain that counsel would be unable to continue representing appellant. After learning that counsel would not be able to return, the court had a limited number of available options. Appellant indicated his readiness to continue the trial pro se. However, the remaining defendants claimed that they would be prejudiced if the trial continued with the appellant representing himself. Furthermore, appellant's counsel became ill in the midst of a crucial cross-examination. All trial counsel expressed the apprehension that continuation of that examination by appellant acting pro se would have a confusing and prejudicial impact on the jury. Pro se representation by appellant as well as immediate appointment of new counsel was inappropriate since a prohibitively substantial amount of time would have been required to properly prepare to continue trying such a complex case.

The district judge was left with no alternative but to continue the trial with the greatest number of defendants possible. Accordingly, the judge severed appellant and declared a mistrial as to him only, allowing the trial to continue to verdict as to remaining defendants.

Appellee cites cases in its brief that we find persuasive. Among them is *United States v. Wayman,* 510 F.2d 1020 (5th Cir. 1975), a closely analogous case in which the appellate court found no double jeopardy bar. There, defendant's first trial ended in mistrial when his counsel was injured in an automobile wreck. The court quoted *Gori v. United States,* 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901 (1961):

> Where for reasons deemed compelling by the trial judge, who is best situated intelligently to make such a decision, the ends of substantial justice cannot be attained without discontinuing the trial, a mistrial may be declared without the defendant's consent and even over his objections, and he may be retried consistently with the Fifth Amendment.

510 F.2d at 1028 (quoting *Gori,* 367 U.S. at 368, 81 S.Ct. at 1526, 6 L.Ed.2d at 904). The appellate court found that the circumstances were such as to justify the court in declaring a mistrial. Here, the circumstances were equally demanding, and no alternatives less drastic than ending the trial existed. *See United States v. Jorn,* 400 U.S. 470, 487, 91 S.Ct. 547, 558, 27 L.Ed.2d 543 (1971).

We conclude that the district judge exercised sound discretion in arriving at the most appropriate resolution possible, and that manifest necessity justified that resolution. Accordingly, appellant's subsequent reindictment did not subject him to double jeopardy. The district court's denial of appellant's motion to dismiss the indictment is

AFFIRMED.