UNITED STATES of America,
Plaintiff–Appellant,

v.

BRIAN N. (a juvenile male),
Defendant–Appellee.

UNITED STATES of America,
Plaintiff–Appellant,

v.

CRAIG J.B. (a juvenile male),
Defendant–Appellee.

Nos. 88–1342, 88–1346.

United States Court of Appeals,
Tenth Circuit.

April 2, 1990.

David N. Williams, Asst. U.S. Atty., D.N.M. (William L. Lutz, U.S. Atty., and Paula G. Burnett, Asst. U.S. Atty., on the briefs), for plaintiff-appellant.

Peter Schoenburg, Asst. Federal Public Defender, Albuquerque, N.M., for defendant-appellee, Brian N.

Billy R. Blackburn, Albuquerque, N.M., for defendant-appellee, Craig J.B.

Before McKAY, ANDERSON and BRORBY, Circuit Judges.

McKAY, Circuit Judge.

*Statement of the Case*

This case involves two appeals from the dismissals of criminal proceedings against two juveniles as the result of an incident which occurred on the Navajo Reservation near Shiprock, New Mexico, in July 1987. These two cases have been consolidated for appeal. The federal government filed an Information and Certification of Jurisdiction in September 1987 charging the Indian defendants with the murder of a non-Indian and assault on an Indian. In October 1987 the government filed an Amended Information which was virtually identical to the previous document. The defendants were arraigned, and the government proceeded against them as juveniles pursuant to 18 U.S.C. § 5032 (1988).

On December 11, 1987, the government filed a motion to transfer proceedings from juvenile court to the federal district court. In January 1988 the district court held a telephonic hearing before a court reporter with counsel for the government and counsel for defendants. The court called the conference in order to determine whether the case should be dismissed because prior juvenile court records or a certification of their unavailability had not been received by the court pursuant to 18 U.S.C. § 5032 (1988). All parties agreed juvenile records were available from the Navajo children's court and each defendant's attorney had obtained an uncertified copy of the records provided by the government. After hearing arguments from counsel, the court dismissed the case on the ground that the government had not provided the court with the required documents relating to prior juvenile court proceedings. Therefore, the government had failed to properly invoke jurisdiction under the federal juvenile statute.

Subsequently, the government requested that the district court reconsider dismissal. In rejecting this request, the court examined the legislative history of the juvenile statute (18 U.S.C. § 5032), provided by the government, purporting to show that receipt of juvenile records was not a jurisdic-

tional prerequisite. The court found that the language of the statute was clear and unambiguous and held the interpretation urged by the government would defeat the statutory purposes set forth in other sections of the juvenile act. In its February 4, 1988 Memorandum Opinion and Order, the court affirmed its initial decision that jurisdictional prerequisites were not met and the action had to be dismissed without prejudice for lack of jurisdiction under the juvenile delinquency act. The government now appeals that dismissal to this court.

*Discussion*

A. Statutory Interpretation

 The Juvenile Justice and Delinquency Prevention Act, 18 U.S.C. § 5031–42 (1988), provides special procedures for the prosecution of persons who are juveniles at the time a federal crime is committed.[1] Under this act, prosecution results in an adjudication of status—not a criminal conviction. *United States v. Frasquillo–Zomosa*, 626 F.2d 99, 101 (9th Cir.), *cert. denied*, 449 U.S. 987, 101 S.Ct. 405, 66 L.Ed.2d 249 (1980); *see also United States v. Duboise*, 604 F.2d 648, 649–50 (10th Cir. 1979). The purpose of the federal juvenile delinquency proceeding is to remove juveniles from the ordinary criminal process in order to avoid the stigma of a prior criminal conviction and to encourage treatment and rehabilitation. *See United States v. Mechem*, 509 F.2d 1193, 1195–96 (10th Cir. 1975); *Cotton v. United States*, 355 F.2d 480, 481 (10th Cir.1966); *United States v. Webb*, 112 F.Supp. 950, 951 (W.D.Okla. 1953).

The procedures for instituting delinquency proceedings and transfers to the adult courts for criminal prosecution as an adult are contained in 18 U.S.C. § 5032 (1988). The government argues that there are three areas of ambiguity which render this section unclear. Their first argument is

that the statute does not provide direction as to which event actually commences proceedings under this act—the filing of an information or a motion to transfer. The second argument is that "juvenile records" and "clerk of the juvenile court" are not defined. In addition the government argues there is no juvenile court for the United States district court. Finally, the government argues that the statute contains only one mandatory "shall" which results in an unclear statutory mandate. They claim this lack of directive is evidenced by the absence of an appropriate procedure when juvenile records are not filed. For these reasons, the government requests this court to interpret this section according to the legislative history. We address the government's arguments as we review the statute for ambiguity.

 The district court found that the statute was clear and unambiguous on its face and, therefore, interpretation by legislative history was not necessary. We review statutory interpretation decisions de novo. *United States v. Martinez*, 890 F.2d 1088, 1091 (10th Cir.1989); *Supre v. Ricketts*, 792 F.2d 958, 961 (10th Cir.1986). In de novo review, the appellate court must review the record in light of its own independent judgment without giving special weight to the prior decision. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988).

 "In determining the scope of a statute, we first look to its language." *United States v. Monsanto*, —— U.S. ——, 109 S.Ct. 2657, 2662, 105 L.Ed.2d 512 (1989); *United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981); *Wilson v. Stocker*, 819 F.2d 943, 948 (10th Cir.1987). The critical language before us contained in 18 U.S.C. § 5032 (1988) states:

> *Any proceedings* against a juvenile under this chapter or as an adult *shall*

**1.** Federal jurisdiction for the crimes which defendants allegedly committed is vested by the Major Crimes Act, 18 U.S.C. § 1153 (1988), which provides:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, mur-

der, ... [or] assault resulting in serious bodily injury, ... within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

*not be commenced until any prior juvenile court records* of such juvenile *have been received by the court,* or the clerk of the juvenile court has certified in writing that the juvenile has no prior record, or that the juvenile's record is unavailable and why it is unavailable.

(Emphasis added). We agree with the district court that this language is clear and unambiguous in its requirement that any prior juvenile court records must be received by the court before a proceeding shall commence against a juvenile. Normally when we find a statute's terms to be unambiguous, our inquiry is complete. *Burlington Northern R.R. Co. v. Oklahoma Tax Comm'n,* 481 U.S. 454, 461, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987); *Wilson,* 819 F.2d at 948. The government seeks to have us look beyond the language of section 5032 to the legislative history. We decline to fully analyze the legislative history because we find the statutory language unambiguous. We also believe that the only legislative history provided in this case, two vague pages from the Senate Judiciary Committee report on section 5032, is scant and capable of differing interpretations. This provides an independent reason to rely only on the words of the statute. *Miller v. Comm'r of Internal Revenue,* 836 F.2d 1274, 1282–83 (10th Cir. 1988).

The government argues that the statute's language is unclear because deleting one option results in a different interpretation of when a proceeding commences. The government states that "any proceedings against a juvenile ... as an adult" suggests the quoted phrase applies or begins to operate when a motion to transfer is filed.[2] This argument fails because paragraph three of the same statute explicitly states that "[t]he Attorney General shall proceed by information" when a juvenile is not surrendered to state authorities. 18 U.S.C. § 5032 (1988).[3] The additional language, "and no criminal prosecution shall be instituted for the alleged act of juvenile delinquency except as provided below[,]" contained in the same sentence, makes it clear that the prosecutor shall not "institute" a prosecution until it has complied with its mandatory duties including the one at issue here. We find no merit in the government's assertion that there are two equal methods of starting an action under this act. The statute is clear that the *"proceedings" begin* with the filing of an information. *See United States v. Doe,* 631 F.2d 110, 112–13 (9th Cir.), *cert. denied,* 449 U.S. 867, 101 S.Ct. 202, 66 L.Ed.2d 86 (1980); *In re Martin,* 788 F.2d 696, 697–98 (11th Cir.), *cert. denied,* 478 U.S. 1009, 106 S.Ct. 3306, 92 L.Ed.2d 719 (1986). *Further* proceedings under the act include the transfer for criminal prosecution,[4] the adjudication hearing,[5] and the

---

2. Even assuming the government's interpretation of when the case commenced is correct, this case would still result in dismissal because the juvenile records were not filed with the motion to transfer.

3. The third paragraph of 18 U.S.C. § 5032 (1988) states:

 If an alleged juvenile delinquent is not surrendered to the authorities of a State or the District of Columbia pursuant to this section, any proceedings against him shall be in an appropriate district court of the United States. For such purposes, the court may be convened at any time and place within the district, in chambers or otherwise. The Attorney General shall proceed by information, and no criminal prosecution shall be instituted for the alleged act of juvenile delinquency except as provided below.

4. The fourth paragraph of 18 U.S.C. § 5032 (1988) allows the government to transfer a case

from the "status of juvenile delinquency" to criminal prosecution. In order for criminal prosecution to occur, it must be alleged that the juvenile "committed an act after his fifteenth birthday which if committed by an adult would be a felony that is a crime of violence." 18 U.S.C. § 5032 (1988). This paragraph requires the court to hold a hearing in order to determine the transferability of the case. There are two methods for implementing a transfer. Both avenues of transfer require findings based upon *the contents of the juvenile records.* The district courts must make adequate findings of fact in a transfer hearing as mandated by the statute. *United States v. C.G.,* 736 F.2d 1474, 1479 (11th Cir.1984). These mandatory factual findings further emphasize the necessity of filing juvenile records at the commencement of the proceedings or the filing of the information.

5. It appears that the adjudication of a juvenile as a delinquent occurs at the trial before the district court.

 hearing.[6]

The government's second argument is that section 5032 is ambiguous because there is no definition of juvenile court records, no identification of the clerk of the juvenile court and no juvenile court for the United States district court. A juvenile is defined as "a person who has not attained his eighteenth birthday, or for the purpose of proceedings and disposition under this chapter ... a person who has not attained his twenty-first birthday." 18 U.S.C. § 5031 (1988). The language in paragraph ten of section 5032 unambiguously states that *any* prior juvenile court records are to be filed. This includes municipal, county, state, federal, as well as tribal court records. The government complains that it would have to search each New Mexico judicial district as well as other state jurisdictions before it could file under this statute. This argument is an attack on Congress's decision to place these burdens on the government in juvenile cases. It was Congress that decided juvenile records are to be filed at commencement of a case—not afterward. We cannot rewrite the statute which is clear in its directive.

In this case, we are not required to resolve a conflict where a good faith effort fails to produce a juvenile record which may in fact exist somewhere. Here, the government was aware of the juvenile records and their contents which probably formed the basis for the decision to seek transfer. Although the government is required to investigate a juvenile's background more thoroughly than an adult,[7] this only enhances the government's ability to provide the court with facts sufficient to warrant a transfer to adult criminal prosecution.

█ The argument that no juvenile court exists in the United States district court is incorrect. Paragraph three states that for juvenile proceedings "the court may be convened at any time and place within the district, in chambers or otherwise." 18 U.S.C. § 5032 (1988). According to this language, any United States district court can convene itself as a juvenile court under this act.

For the reasons stated above, we find this statute to be clear and unambiguous. Therefore, it is not necessary to utilize legislative history to interpret the meaning of this section. Based upon our *de novo* review of the record and the facial reading of the statute, we affirm the district court's finding that this statute is clear and unambiguous.

## B. Jurisdictional Requirements

█ The government's argument that no jurisdictional prerequisites exist under 18 U.S.C. § 5032 (1988) is erroneous.[8] Para-

---

**6.** These procedural requirements are contained in 18 U.S.C. § 5037 (1988).

**7.** Although this paragraph has been amended, the language in effect at the time this action commenced stated the following:

A juvenile alleged to have committed an act of juvenile delinquency, other than a violation of law committed within the special maritime and territorial jurisdiction of the United States for which the maximum authorized term of imprisonment does not exceed six months, shall not be proceeded against in any court of the United States unless the Attorney General, after investigation, certifies to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not

have available programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony or an offense described in section 841, 952(a), 955, or 959 of title 21, and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

18 U.S.C. § 5032 (Supp.1987).

**8.** Section 5032 states:

A *juvenile* alleged to have committed an act of juvenile delinquency ... *shall not be proceeded against* in any court of the United States *unless the Attorney General, after investigation, certifies* to the appropriate district court of the United States that (1) the juvenile court or other appropriate court of a State does not have jurisdiction or refuses to assume jurisdiction over said juvenile with respect to such alleged act of juvenile delinquency, (2) the State does not have available

graph ten of section 5032 specifically prohibits the commencement of proceedings until prior juvenile court records are filed. Proceedings against juveniles under this act commence with the filing of the information. Therefore the juvenile court records or certification of unavailability must be filed with the information. In this case the government knew of the existence of these juvenile defendants' court records, but failed to make any effort to provide the records to the court at the time the information was filed or at the filing of the motion to transfer. We believe the statute mandates the filing of such records at the commencement of the proceedings—the filing of the information. Thus, we cannot find error in the district court's dismissal of this case without prejudice.

AFFIRMED.

programs and services adequate for the needs of juveniles, or (3) the offense charged is a crime of violence that is a felony ... and that there is a substantial Federal interest in the case or the offense to warrant the exercise of Federal jurisdiction.

18 U.S.C. § 5032 (1988) (emphasis added). We have previously concluded that this Certification requirement is jurisdictional. *United States v. Doe*, 642 F.2d 1206, 1208 (10th Cir.), *cert. denied*, 454 U.S. 817, 102 S.Ct. 94, 70 L.Ed.2d 86 (1981).