UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

D.R., JUVENILE MALE,
　　　　　　*Defendant-Appellant.*

} No. 02-4825

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(MISC-02-358)

Argued: January 24, 2003

Decided: February 27, 2003

Before WILKINS, Chief Judge, WIDENER, Circuit Judge, and
Morton I. GREENBERG, Senior Circuit Judge of the
United States Court of Appeals for the Third Circuit,
sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Robert Lee Jenkins, Jr., BYNUM & JENKINS, Alexandria, Virginia, for Appellant. Ronald Leonard Walutes, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF:** Matthew A. Wartel, BYNUM & JENKINS, Alexandria, Virginia, for

Appellant. Paul J. McNulty, United States Attorney, Michael E. Rich, Assistant United States Attorney, Patrick F. Stokes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Defendant-Appellant D.R., a juvenile at the time of the events giving rise to this case on September 16, 2001, who became an adult when reaching 18 years of age four days later, appeals from an order entered on October 11, 2002, granting the government's motion to transfer him from juvenile to adult proceedings pursuant to 18 U.S.C. § 5032. The government initiated the case in the district court on August 8, 2002, by filing an information charging D.R. with one count of juvenile delinquency pursuant to 18 U.S.C. § 5032, the delinquency consisting of the willful murder of Joaquin Diaz within the special maritime and territorial jurisdiction of the United States, an act which if committed by an adult would have been a crime in violation of 18 U.S.C. §§ 1111 and 2.

The government at the same time filed a certification to proceed under 18 U.S.C. § 5032, the Juvenile Justice and Delinquency Prevention Act, in which it set forth that there was a "substantial federal interest in the case or the offense to warrant the exercise of federal jurisdiction due to the murder of a human being on federal park land" where two other persons, both adults at the time of the murder, had been indicted for the offense and were awaiting trial in the district court. In the certification the government asserted that although the Virginia courts had jurisdiction over D.R., the Commonwealth attorney "has declined to exercise that jurisdiction." Finally, the government filed a motion to transfer the proceedings pursuant to 18 U.S.C. § 5032 to adult criminal prosecution.

The district court on October 3, 2002, conducted an evidentiary hearing on the government's motion at the conclusion of which it granted the government's application in an oral opinion. Then, on October 11, 2002, the court filed a comprehensive memorandum opinion reiterating why it was granting the government's motion. *United States v. D.R.*, 225 F. Supp. 2d 694 (E.D. Va. 2002). The order from which D.R. appeals accompanied that opinion and this appeal followed. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291 as applied in *United States v. Smith*, 851 F.2d 706, 708 (4th Cir. 1988) ("[A]ppellate review in juvenile cases from orders to transfer the juvenile for trial as an adult [has] been permitted . . . . .").

In his notice of appeal D.R. recites that he appeals from the order of the district court granting the motion to transfer the case from juvenile to adult proceedings and from the district court assuming jurisdiction over the case. While the district court's order of October 11, 2002, does not state explicitly that the court was determining to exercise federal jurisdiction, its memorandum opinion does and plainly that determination is implicit in the October 11, 2002 order, though in terms it only grants the motion to transfer the case to an adult criminal prosecution status. Thus, we regard D.R.'s notice of appeal as entirely proper in a procedural sense insofar as it raises both the transfer and the federal jurisdiction issues.

We also note that there is some dispute between the parties regarding the standard of review, D.R. arguing that our review is in part *de novo*, in part a review of an exercise of discretion for abuse, and in part a review of fact finding for clear error. The government, however, argues that our review is based on a clear error, plain error, or abuse of discretion basis, depending on the issue involved. We will not linger on this point as it is clear that even if we exercised de novo review on the entire appeal we would reach the result we do.

On the merits we will affirm essentially for the reasons the district court set forth. We, however, add one point. In his brief in this court D.R. recites that "[i]n its certification, the Government also represented that jurisdiction was proper based upon a 'compelling federal interest.'" Appellant's brief at 16. D.R. then argues that there was not a "compelling" federal interest justifying the district court's exercise of federal jurisdiction. In fact, the government's certification in the

district court stated that there was "a substantial federal interest in the case or offense" warranting the exercise of federal jurisdiction. Moreover, 18 U.S.C. § 5032(3) indicates that the certification supporting the exercise of federal jurisdiction must recite that there "is a substantial Federal interest . . . to warrant the exercise of Federal jurisdiction." We can conceive that in a particular case a court might find that there was a "substantial" but not "compelling" federal interest in exercising jurisdiction. Here, however, we are satisfied that the circumstances the district court recited in its memorandum opinion would satisfy a standard requiring that the federal interest in exercising jurisdiction be "compelling."

*AFFIRMED*