United States Court of Appeals
FOR THE EIGHTH CIRCUIT
Nos. 97-1577/97-1727

In re: Kim M. Ulwelling,           *

                  *

      Debtor,             *

                  *

---------------------      *

                  * Appeals from the United States

Kim M. Ulwelling,         * District Court for the

                  * District of Minnesota.

      Appellant/Cross Appellee,   *

                  *     [UNPUBLISHED]

    v.                *

                  *

Dick Wehner Crane Service, Inc.  *

                  *

      Appellee/Cross Appellant.   *

_____

Submitted: January 30, 1998

Filed: February 5, 1998

_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Kim Ulwelling appeals from the district court's[1] judgment affirming the bankruptcy court's[2] grant of summary judgment to Dick Wehner Crane Service, Inc. (Wehner) in an adversary proceeding to determine the dischargeability of a debt for restitution under Chapter 13. Wehner cross-appeals the denial of attorney's fees and costs by the district court. We affirm.

Ulwelling embezzled approximately $70,000 from Wehner, her former employer, and pleaded guilty to theft in Minnesota state court. In a sentencing order, the state court stayed imposition of sentence and placed Ulwelling on supervised probation subject to her paying restitution to Wehner. Pursuant to state law, the state district court also entered a civil judgment for restitution against Ulwelling. Subsequently, the state court found Ulwelling had violated her probation by failing to make any restitution payments and ordered Ulwelling's confinement. On appeal, Ulwelling argues that when the state court vacated Ulwelling's sentence and ordered her confinement, it also vacated the restitution obligation under the sentencing order, leaving only a civil judgment against Ulwelling. She argues that because her only remaining restitution obligation is civil, and the purpose of a civil judgment is to compensate the victim, not the state, the civil judgment in favor of Wehner cannot be considered "restitution" pursuant to 11 U.S.C. § 1328(a)(3), and therefore is dischargeable. On cross-appeal, Wehner argues the district court erred in denying its motion for attorney's fees and costs. Wehner has also filed a motion for attorney's fees on appeal.

After de novo review, see In re Cochrane, 124 F.3d 978, 981 (8th Cir. 1997), we conclude the bankruptcy court properly granted Wehner summary judgment. Section 1328(a)(3) provides, as relevant: "[T]he court shall grant the debtor a discharge of all

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

[2]The Honorable Dennis D. O'Brien, Chief Judge, United States Bankruptcy Court for the District of Minnesota.

debts provided for by the plan . . . except any debt--(3) for restitution . . . included in a sentence on the debtor's conviction of a crime." We conclude that it is plain the state court did not intend to eradicate Ulwelling's restitution obligation, imposed as part of her sentence, when it ordered her incarceration. Likewise, we conclude that Minnesota's decision to allow enforcement of the restitution obligation as a civil judgment does not divest the restitution obligation of its identity as part of a criminal sentence. Cf. In re Sutherland, 161 B.R. 657, 658-59 (Bankr. E.D. Ark. 1993) (rejecting debtor's argument that restitution debt was dischargeable under section 1328(a)(3) because surety was required by state law to reimburse victim of debtor's embezzlement, and thus victim had already been made whole). We thus conclude that Ulwelling's debt to Wehner is nondischargeable under section 1328(a)(3). See In re Hardenberg, 42 F.3d 986, 992 (6th Cir. 1994) ("Congress did not intend bankruptcy courts to be able to discharge state criminal court restitution orders in either Chapter 7 or Chapter 13 cases.").

As to Wehner's cross-appeal of the district court's denial of attorney's fees and costs, we conclude the district court did not abuse its discretion in denying Wehner's motion. See Newhouse v. McCormick & Co., 130 F.3d 302, 305 (8th Cir. 1997) (standard of review). Additionally, although Ulwelling's arguments are unavailing, we do not believe sanctions are warranted under Federal Rule of Civil Procedure 38, and we thus deny Wehner's motion for sanctions on appeal. See In re Grand Jury Proceedings Relative to Perl, 838 F.2d 304, 309 (8th Cir. 1988) (denying Fed. R. App. P. 38 sanctions where arguments not "so wholly without merit").

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-