# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

---

No. 00-6069 EA

---

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Leslie Wilson, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Leslie Wilson, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Appellant, | * | Eastern District of Arkansas |
| | * | |
| v. | * | |
| | * | |
| Cumis Insurance Society, Inc., et al., | * | |
| | * | |
| Appellees. | * | |

---

Submitted: August 10, 2000
Filed: September 11, 2000

---

Before KOGER, Chief Judge, KRESSEL and SCHERMER, Bankruptcy Judges

---

SCHERMER, Bankruptcy Judge

Debtor Leslie Wilson ("Debtor"), appeals the bankruptcy court[1] order granting summary judgment in favor of Defendant John B. Holmes, Jr., the District Attorney for Harris County, Texas, on the Debtor's

---

[1]The Honorable Mary Davies Scott, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

complaint to determine that her restitution obligation to the Harris County Adult Probation Department ("Harris County") is not excepted from discharge pursuant to 11 U.S.C. § 1328(a)(3). We have jurisdiction over this appeal from the final order of the bankruptcy court. See 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether the Debtor's restitution obligation to Harris County, which arose after the Debtor pleaded guilty to felony theft and the court deferred a finding of guilt pending conditional probation, constitutes a debt for restitution included in a sentence on the Debtor's conviction of a crime which is excepted from discharge pursuant to 11 U.S.C. § 1328(a)(3). We conclude that the Debtor's obligation to Harris County is nondischargeable restitution.

## BACKGROUND

On September 23, 1993, the grand jury of Harris County Texas returned a true bill against the Debtor, indicting her for the felony offense of theft over $20,000. The indictment alleged that the Debtor stole $89,549.84 from her employer between October 1988 and April 1991. On July 6, 1995, the Debtor entered a plea of guilty to the allegation of felony theft in the indictment. On September 14, 1995, the Texas court conducted a punishment hearing at which the court placed the Debtor on deferred adjudication probation for ten years and imposed as a condition to probation restitution in the amount of $89,549.84, payable in an initial installment of $5,000.00, with monthly payments of $730.00 thereafter. The Debtor failed to make the initial $5,000.00 payment and has only made one full and four partial monthly payments to Harris County.

On July 23, 1991, the Debtor filed a joint Chapter 13 petition with her husband in the Eastern District of Arkansas. She received a discharge on December 4, 1996, and the case was closed on December 10, 1996. The Debtor never listed or scheduled any obligation to Harris County in her Chapter 13 bankruptcy case.

On March 9, 1998, the Debtor was arrested for failing to make the restitution payments to Harris County. The Debtor reopened her 1991 Chapter 13 case and filed her complaint to determine the dischargeability of the restitution obligation. The bankruptcy court determined that the Debtor's obligation

2

to Harris County is restitution and entered summary judgment on Harris County's motion. The Debtor appealed the entry of summary judgment.

## STANDARD OF REVIEW

We review the bankruptcy court's grant of summary judgment de novo. Clark v. Kellogg Co., 205 F.3d 1079, 1082 (8th Cir. 2000); First Bank of Marietta v. Hogge, 161 F.3d 506, 510 (8th Cir. 1998). Summary judgment in favor of the defendant is appropriate where there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. Clark, 205 F. 3d at 1082; Hogge, 161 F. 3d at 510.

## DISCUSSION

Pursuant to Section 1328(a) of the Bankruptcy Code, upon completion of all plan payments, the Court shall grant a Chapter 13 debtor a discharge of all debts provided for by the plan or disallowed under Section 502 of the Bankruptcy Code[2] except, inter alia, any debt for restitution, or a criminal fine, included in a sentence on the debtor's conviction of a crime. 11 U.S.C. § 1328(a)(3).

The parties do not dispute that the Debtor's obligation to Harris County constitutes restitution as that term is commonly used to describe the act of restoring something to its rightful owner. The Debtor disagrees, however, that his obligation to Harris County is restitution in the legal sense as required by Section 1328(a)(3) of the Bankruptcy Code. The Debtor contends that the Debtor was never convicted of a crime and therefore the restitution does not fall within the ambit of Section 1328(a)(3) which is limited to "restitution . . . included in a sentence on the debtor's conviction of a crime." The Debtor argues that her deferred adjudication probation was not a conviction. While on deferred adjudication probation, the Texas court defers a finding of guilt on the part of the criminal defendant. Without a finding of guilt, the criminal defendant has not been convicted of a crime. Therefore, any payments required as part of the deferred adjudication probation, which may be restitution, are not obligations included on a conviction.

---

[2]Section 502 of the Bankruptcy Code governs the allowance and disallowance of claims against a bankruptcy estate. 11 U.S.C. § 502.

In connection with her argument, the Debtor cites Rashid v. Powel (In re Rashid), 210 F.3d 201 (3d Cir. 2000), and Pennsylvania Dep't Pub. Welfare v. Davenport, 495 U.S. 552 (1990); however neither case cited discusses Section 1328(a)(3) nor supports the Debtor's argument. Rashid v. Powel (In re Rashid), 210 F.3d 201 (3d Cir. 2000) interprets Section 523(a)(7) of Bankruptcy Code, not Section 1328(a)(3), and is therefore not applicable herein. Pennsylvania Dep't Pub. Welfare v. Davenport, 495 U.S. 552 (1990), was decided before the enactment of Section 1328(a)(3) of the Bankruptcy Code.[3] In Davenport, the Supreme Court held that a restitution obligation was a debt which was dischargeable under Chapter 13. Congress added Section 1328(a)(3) to the Bankruptcy Code in direct response to the Davenport decision to avoid the result reached therein. Johnson v. Home State Bank, 501 U.S. 78, 83 n.4 (1991).[4] Therefore, neither of the authorities relied upon by the Debtor answer the question with which we are faced.

Instead, in order to determine whether the Debtor's restitution obligation to Harris County is excepted from discharge, the term "conviction" must be defined in the context of Section 1328(a)(3). The Debtor argues that deferred adjudication probation is not considered a conviction in Texas and that the Texas definition is controlling. We disagree with the Debtor.

We have found no court which has addressed the issue of what the term "conviction" means in the context of Section 1328(a)(3). Instructive, however, is the case of Dickerson v. New Banner Institute, Inc., 460 U.S. 103 (1983), in which the United States Supreme Court addressed the issue of whether a state law guilty plea coupled with probation constitutes a conviction in the context of a federal firearms statute. In Dickerson, the Supreme Court noted the absence of the usual entry of a formal judgment upon a jury verdict or upon a court's specific finding of guilt after a bench trial; however, the Court specifically found the presence of the criminal charge, the plea of guilty to the charge, and the court's imposition of probation upon the criminal defendant. 460 U.S. at 111. The Court pointed out that a "plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment

[3]Subsection (a)(3) of Section 1328 was added in 1990 and only applies to cases commenced after November 15, 1990. See Criminal Victims Protection Act of 1990, Pub. L. No. 101-581, 104 Stat. 2865, 2865-66 (codified in scattered sections of 11 U.S.C.).

[4]See H.R. Rep. No. 101-681(I), at 165 (1990), reprinted in 1990 U.S.C.C.A.N. 6472, 6571, and S. Rep. No. 101-434, at 8 (1990), reprinted in 1990 U.S.C.C.A.N. 4065, 4071.

and sentence." 460 U.S. at 112-13(quoting Kercheval v. United States, 274 U.S. 220, 223 (1927)). The Court noted that "one cannot be placed on probation if the court does not deem him to be guilty of a crime." 460 U.S. at 113-14. The Court equated a plea of guilty and its notation by the state court, followed by a sentence of probation, to a conviction for purposes of the federal gun control laws. 460 U.S. at 114.

Also instructive is the decision of the Fifth Circuit Court of Appeals in United States v. Cisneros, 112 F.2d 1272 (5th Cir. 1997), wherein the court concluded that a deferred adjudication probation under Texas law constituted a conviction for purposes of the mandatory sentence enhancement provisions of 21 U.S.C. § 841. In Cisneros, the court noted that under Texas law, in order to impose deferred adjudication probation upon a criminal defendant who has plead guilty, the criminal court must first find that the evidence substantiated the defendant's guilt. 112 F. 2d at 1282. Relying on the Supreme Court's reasoning in the Dickerson case, the Fifth Circuit Court of Appeals concluded that the deferred adjudication probation after the guilty plea was a prior conviction for purposes of the federal mandatory sentence enhancement statute. Id.

The Eighth Circuit Court of Appeals approved and followed the reasoning of the Supreme Court in the Dickerson case and that of the Fifth Circuit Court of Appeals in the Cisneros case in determining that federal law and not state law controls the determination of whether a person has been convicted for purposes of federal firearms statutes. U.S. v. Ortega, 150 F.3d 937, 948 (8th Cir. 1998)(citing Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 119 (1983) and United States v. Cisneros, 112 F.2d 1272, 1280-81 (5th Cir. 1997)).[5] The Eighth Circuit Court of Appeals concluded that a criminal defendant's guilty plea, followed by supervised probation and a suspended imposition of sentence, qualified as a prior conviction for purposes of the federal sentence enhancement provision of 21 U.S.C. § 841(b). Ortega, 150 F.3d at 948.

We believe the issue in the present case is analogous to the issues addressed by the Supreme Court in the Dickerson decision, by the Fifth Circuit Court of Appeals in the Cisneros decision, and by the Eighth Circuit Court of Appeals in the Ortega decision. Furthermore, the Cisneros decision

---

[5]See also  U.S. v. Millender, 811 F.2d 476, 477 (8th Cir. 1997), and U.S. v. Woods, 696 F.2d 566, 568-70 (8th Cir. 1982), for the proposition that federal law controls whether a person has been convicted for purposes of federal firearms statutes.

5

addressed the Texas deferred adjudication procedure which is at issue here. Accordingly, we follow the Supreme Court's reasoning in Dickerson and conclude that the term "conviction" as used Section 1328(a)(3) of the Bankruptcy Code includes a plea of guilty followed by a sentence of probation, despite the absence of the formal entry of a conviction by the criminal court.

This result is consistent with the interpretation of other provisions of the Bankruptcy Code where a state label is not controlling. The question of what constitutes a conviction for purposes of Section 1328(a)(3) of the Bankruptcy Code is analogous to the questions of when a tax is assessed for purposes of determining its priority status under the Bankruptcy Code[6] and whether an obligation arising out of the dissolution of a marriage is a nondischargeable support obligation or a dischargeable property settlement obligation under the Bankruptcy Code.[7] In each instance, federal law controls the categorization of the obligation under the Bankruptcy Code, priority versus non-priority or dischargeable versus nondischargeable, regardless of any labels affixed under state law. With marital obligations, the crucial issue is the function the award was intended to serve. With taxes, the crucial issue is when the determination of tax liability is final and the taxing authority has the right to collect the outstanding tax liability. With a criminal conviction, the crucial issue is whether the criminal court implicitly found the defendant guilty of the crime before the imposition of restitution obligation.

## CONCLUSION

The bankruptcy court properly concluded that the Debtor's restitution obligation to Harris County, which arose after the Debtor pleaded guilty to felony theft and in connection with a deferred adjudication probation, constitutes a debt for restitution included in a sentence on the Debtor's conviction of a crime which is excepted from discharge pursuant to 11 U.S.C. § 1328(a)(3). Accordingly the bankruptcy court's order is affirmed.

---

[6]See, e.g., O'Connell v. Minnesota Dep't of Revenue, 246 B.R. 332 (B.A.P. 8th Cir. 2000).

[7]See, e.g., Williams v. Williams (In re Williams), 703 F.2d 1055, 1056-57 (8th Cir. 1983).

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE
EIGHTH CIRCUIT