**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In Re: SHEA THOMAS SWEENEY,
a/k/a Shea T. Sweeney, a/k/a Shea
SWEENEY,

Debtor.

COLORADO JUDICIAL
DEPARTMENT,

　　　　Plaintiff–Appellant,

　　v.

SHEA THOMAS SWEENEY,

　　　　Defendant–Appellee.

PROPERTY CASUALTY INSURERS
ASSOCIATION,

　　Amicus Curiae.

No. 06-1224

APPEAL FROM THE UNITED STATES
BANKRUPTCY APPELLATE PANEL OF THE TENTH CIRCUIT
(BAP No. CO-05-56)

Melody Mirbaba, Assistant Attorney General (John W. Suthers, Attorney General,
and Maurice Knaizer, Deputy Attorney General, with her on the briefs), Denver,
CO, for Plaintiff-Appellant.

Raphael M. Solot, Denver, CO, for Defendant-Appellee.

Mark W. Williams, Cage Williams, P.C., Denver, CO, on the brief for Amicus
Curiae.

Before **HARTZ**, **McKAY**, and **GORSUCH**, Circuit Judges.

**McKAY**, Circuit Judge.

Plaintiff-Appellant Colorado Judicial Department ("CJD") appeals the decision of the Bankruptcy Appellate Panel ("BAP") reversing the bankruptcy court for the District of Colorado and concluding that restitution ordered pursuant to juvenile delinquency proceedings is dischargeable under 11 U.S.C. § 1328(a)(3). CJD argues that an adjudication of guilt resulting from juvenile delinquency laws is equivalent to a conviction of crime, and, therefore, that restitution—whether ordered against a juvenile or an adult—is nondischargeable because it is "included in a sentence on the debtor's conviction of a crime" under § 1328(a)(3).

### BACKGROUND[1]

Defendant–Appellee Shea Thomas Sweeney was adjudicated a juvenile delinquent at the age of twelve for having committed second degree arson. As part of his sentence, Mr. Sweeney was ordered to pay $89,202.10 in restitution.

Approximately eleven years later and having well surpassed the age of adulthood, Mr. Sweeney filed for Chapter 13 bankruptcy. He listed the roughly $85,000 outstanding restitution balance as a potentially dischargeable debt. CJD filed an adversary proceeding challenging the inclusion of the restitution award in

---

[1] The parties do not dispute the material facts of the case.

the Chapter 13 petition. The parties conceded that trial was not necessary and filed cross-motions for summary judgment. The bankruptcy court awarded CJD summary judgment after concluding that the restitution award was not dischargeable under Colorado state law because restitution for juveniles was governed by Colorado's Criminal Code, not its separate Children's Code. Mr. Sweeney appealed and the BAP reversed.

The BAP, applying federal law, determined that juvenile delinquency is an adjudication of status, not guilt, and therefore could not be considered a "conviction of a crime" under § 1328(a)(3). CJD appealed, and we now address this issue of first impression.

## ANALYSIS

As an initial matter, we observe that we properly maintain jurisdiction over this appeal despite the BAP's remand order. While a remand order requiring the bankruptcy court to engage in "significant further proceedings" would not be a final, appealable order, *Homa Ltd. v. Stone (In re Commercial Contractors, Inc.)*, 771 F.2d 1373, 1375 (10th Cir. 1985), the parties here agree that remand required only the purely ministerial function of entering judgment in favor of Mr. Sweeney. This does not jeopardize our jurisdiction under 28 U.S.C. § 158(d)(1). *See Wood v. Jones (In re Montgomery)*, 224 F.3d 1193, 1194 n.1 (10th Cir. 2000).

Section 1328(a)(3) excepts from discharge "restitution . . . included in a

sentence on the debtor's conviction of a crime." Whether this subsection includes restitution ordered pursuant to an adjudication of juvenile delinquency is a question of statutory interpretation that we review de novo. *See Troff v. Utah (In re Troff)*, --- F.3d ----, 2007 WL 1314489, at *1 (10th Cir. Mar. 15, 2007). Nondischargeability is a matter of federal law. *See Grogan v. Garner*, 498 U.S. 279, 284 (1991).

Under federal law, juvenile delinquency is defined as "the violation of a law of the United States committed by a person prior to his eighteenth birthday which would have been a crime if committed by an adult." 18 U.S.C. § 5031. We previously have stated that this definition means that juvenile delinquency is "an adjudication of status—not a criminal conviction." *United States v. Brian N.*, 900 F.2d 218, 220 (10th Cir. 1990). This interpretation is consistent with the purpose of the federal Juvenile Justice and Delinquency Prevention Act, 18 U.S.C. § 5031-42 (2006), which is "to remove juveniles from the ordinary criminal process in order to avoid the stigma of a prior criminal conviction and to encourage treatment and rehabilitation." *Brian N.*, 900 F.2d at 220.

Section 1328(a)(3) of the bankruptcy code precludes dischargeability of restitution that was "included in a sentence on the debtor's conviction of a crime." CJD argues that dictionary definitions of the word "conviction" illustrate a uniform understanding of "crime" such that Mr. Sweeney "was found guilty of" and "was sentenced for committing the crime of second degree arson." (Aplt.'s

-4-

Opening Br. at 12.) This contention fundamentally mischaracterizes juvenile delinquency law. As noted above, an adjudication of juvenile delinquency is not equivalent to a conviction precisely because § 5031 punishes "violation[s]" of the law that "*would have been a crime* if committed by an adult," 18 U.S.C. § 5031 (emphasis added), with a classification of "status" as opposed to "criminal conviction." *Brian N.*, 900 F.2d at 220.

We observe that the same holds true under Colorado law, which likewise separates juvenile delinquency from criminal conviction. Under the Colorado Children's Code, a juvenile delinquent is one who has been adjudicated such after having been found "guilty of a delinquent act." Colo. Rev. Stat. § 19-1-103(71) (2006); *id.* § 19-1-103(2); *see C.B. v. People*, 122 P.3d 1065, 1066 (Colo. Ct. App. 2005) ("A delinquency adjudication . . . is a special statutory proceeding that is noncriminal in nature."). The fact that Colorado Children's Code § 19-2-918, which imposes mandatory restitution for damages caused by delinquent acts to real or personal property, cross-references the State's criminal code provisions on restitution is of no moment. Restitution for delinquent acts is not imposed pursuant to the State's criminal code; the criminal code merely controls enforceability. The federal juvenile delinquency statute makes a similar cross-reference, but that also does not change the provision under which restitution is imposed.

CJD and the amicus curiae also make lengthy public policy arguments. The

crux of these arguments is that permitting juvenile delinquents to escape restitution simply by filing for bankruptcy undercuts not only the rehabilitory and anti-recidivist purposes behind juvenile delinquency laws, but also the compensatory purpose of restitution. However, the public policy effects are not ours to resolve in the face of unambiguous statutory language. As CJD points out, Congress enacted § 1328(a)(3) "to eliminate a loophole." (Aplt.'s Opening Br. at 24.) Whether due to a lack of foresight or an intentional limitation, the provision as written does not encompass juvenile-delinquency-related restitution, and therefore it is not the province of this court to close that loophole.

We are not convinced that Congress' failure to paint in broad strokes violates the principle of comity or infringes states' rights. As Mr. Sweeney notes, "[t]his argument makes little sense when you consider that prior to enactment of § 1328(a)(3) in 1990 all state restitution orders were dischargeable in a Chapter 13 proceeding[]." (Aple.'s Br. at 10 (citing *Pa. Dep't of Welfare v. Davenport*, 495 U.S. 552, 563 (1990)).) Nor is this limited avenue for restitution avoidance likely to result in a deluge of juvenile delinquents rushing into bankruptcy once reaching the age of adulthood. Mr. Sweeney did not immediately file for bankruptcy upon turning eighteen, and the probation office had long before determined Mr. Sweeney's inability to pay.

Thus, the decision of the Bankruptcy Appellate Panel is **AFFIRMED**.