**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 22-2252**

———————————

DEDRE V. FEYIJINMI,

> Plaintiff − Appellant,

> v.

STATE OF MARYLAND CENTRAL COLLECTION UNIT,

> Defendant – Appellee.

-------------------------------

NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS,

> Amicus Supporting Appellant.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge.  (1:22−cv−00904−RDB)

———————————

Argued:  December 5, 2023                    Decided:  June 28, 2024

———————————

Before DIAZ, Chief Judge, HARRIS and HEYTENS, Circuit Judges.

———————————

Affirmed by published opinion.  Chief Judge Diaz wrote the opinion, in which Judge Harris and Judge Heytens joined.

———————————

**ARGUED:**  Marie Lott Pharaoh, Greenwood, Mississippi, for Appellant.  Susan Christine Scanlon, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.  **ON BRIEF:**  Anthony G. Brown, Attorney General, OFFICE OF

THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee. Peter Goldberger, Ardmore, Pennsylvania, for Amici Curiae.

DIAZ, Chief Judge:

Dedre Feyijinmi filed an adversary proceeding in her Chapter 13 bankruptcy case seeking to discharge a restitution debt. But under the Bankruptcy Code, a debt "for restitution . . . included in a sentence on the debtor's conviction of a crime" isn't dischargeable. 11 U.S.C. § 1328(a)(3).

Feyijinmi insists, however, that this provision doesn't apply to her because she wasn't convicted under Maryland law. Alternatively, she argues that the debt was discharged because the state of Maryland identified the debt as dischargeable court fees on its proof of claim.

The bankruptcy court rejected these arguments, and the district court affirmed. For the reasons below, we do too.

I.

A.

In 2006, Feyijinmi was found guilty in Maryland state court of welfare fraud and sentenced to three years' imprisonment. As allowed under state law, the court deferred the entry of conviction and placed her on three years' supervised probation. The court also ordered $14,487 in restitution, plus the statutory collection fee. It recorded and indexed the restitution as a civil judgment.

Feyijinmi paid $890 before the court discharged her from probation. The State then transferred her outstanding balance to its Central Collection Unit.

3

A Maryland state court subsequently expunged Feyijinmi's criminal records.[1]  But Feyijinmi's restitution obligation survived.  So the court converted the judgment of restitution into a civil matter and granted the State's motion to garnish Feyijinmi's wages to pay down her balance.

## B.

A year later, Feyijinmi petitioned for Chapter 13 bankruptcy.  She scheduled the Central Collection Unit as a creditor.  The State filed a proof of claim for $16,008.80.  In the "Basis for Claim" section of the form, the State wrote, "Court Ordered fees."  J.A. 11.  It also attached a statement of the claimed amount.[2]

Feyijinmi informed the State that its claimed amount wasn't correct and provided proof of her restitution payments.  So the State filed an amended proof of claim for $7,275.33.  Again, it stated that the basis for the claim was "Court Ordered Fees," J.A. 15, and attached another statement of the claimed amount.  It also attached the judgment of restitution from Feyijinmi's criminal proceeding.

Feyijinmi didn't object to the State's amended proof of claim, and the bankruptcy court later confirmed Feyijinmi's plan.  Feyijinmi made all plan payments, through which the State received $787.49.  The court then entered an order of discharge.

---

[1] As a result, certain information about her criminal proceedings isn't available.

[2] When a claim includes interest, fees, expenses, or other charges in addition to the principal amount, the creditor must attach an itemized statement of the claimed amount to its proof of claim.  Fed. R. Bankr. P. 3001(c)(2)(A).

4

The court's order explained that "[s]ome debts are not discharged" and listed examples, including "debts for restitution . . . included in a sentence on debtor's criminal conviction." J.A. 28. It also advised Feyijinmi that "[b]ecause the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case." J.A. 28.

The court later closed the bankruptcy case.

## C.

Then the State notified Feyijinmi that she had an outstanding restitution debt. Feyijinmi objected, arguing that the debt was discharged through bankruptcy. But the State claimed that under 11 U.S.C. § 1328(a)(3), any debt "for restitution . . . included in a sentence on the debtor's conviction of a crime" isn't dischargeable.

So Feyijinmi reopened her bankruptcy case and filed an adversary proceeding to obtain a dischargeability determination. The bankruptcy court held that Feyijinmi's restitution was nondischargeable under § 1328(a)(3).

It determined that the term "conviction" includes a determination of guilt—whether by a court's finding or a defendant's guilty plea—and a "sentence" includes probation granted before judgment. Thus, Feyijinmi's probation before judgment qualified as a conviction because Maryland law permits such disposition only when there's a finding of guilt. The bankruptcy court also held that the State's labeling the debt as court fees (which are dischargeable) on its proof of claim had no legal effect.

The district court agreed, and this appeal followed.

5

## II.

We review the judgment of a district court sitting in review of a bankruptcy court de novo, applying the same standards that the district court applied. *Copley v. United States*, 959 F.3d 118, 121 (4th Cir. 2020). Thus, "we review the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and any discretionary decisions for abuse of discretion." *Id.*

### A.

Feyijinmi makes two arguments on appeal. First, that her restitution was dischargeable because it was neither a consequence of a "conviction" nor "included in a sentence," as those words are used by § 1328(a)(3). And second, that the bankruptcy court should have treated the debt as dischargeable because the State labeled it as court fees on its proof of claim. We reject both arguments.

#### 1.

Once a Chapter 13 debtor completes her plan payments, all debts provided for in the plan are discharged. 11 U.S.C. § 1328(a). But the Bankruptcy Code excludes certain debts from discharge. As relevant here, § 1328(a)(3) excludes any debt "for restitution . . . included in a sentence on the debtor's conviction of a crime."

Feyijinmi claims that this section of the Code doesn't exclude her restitution debt from discharge because (1) she wasn't convicted and (2) the restitution wasn't part of a sentence.

To start, we must determine whether a probation-before-judgment disposition in Maryland state court constitutes a "conviction" under § 1328(a)(3). Because the

6

Bankruptcy Code doesn't say otherwise, the definition of "conviction" under § 1328(a)(3) is a matter of federal law, even though the predicate offense and punishment are matters of state law. *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 111–12 (1983), *superseded by statute*, Firearms Owners' Protection Act, Pub. L. No. 99-308, 100 Stat. 449; *cf. Yanez-Popp v. INS*, 998 F.2d 231, 236 (4th Cir. 1993) (explaining that this proposition from *Dickerson* remains good law).

The Code doesn't define "conviction." And neither this court nor our sister circuits have defined the statutory term.[3] But we have some guidance from the Supreme Court.

In *Dickerson*, the Court considered whether an expunged state probation-before-judgment disposition, imposed after the defendant pleaded guilty, constitutes a conviction under federal gun control laws. 460 U.S. at 105, 110–11. The Court held that "a plea of guilty and its notation by the state court, followed by a sentence of probation," equates to a conviction under the statutes. *Id.* at 114.

It explained that although there's "no written adjudication of guilt" in a deferred judgment, a defendant can't be placed on probation unless the court "deem[s] him to be guilty of a crime." *Id.* at 113–14. That determination of guilt—whether entered upon a jury's verdict, a court's finding in a bench trial, or a defendant's plea—is what Congress intended to include as a "conviction." *Id.*

---

[3] The Tenth Circuit has held that § 1328(a)(3) doesn't include restitution ordered under an adjudication of juvenile delinquency. *Colo. Jud. Dep't v. Sweeney* (*In re Sweeney*), 492 F.3d 1189, 1191 (10th Cir. 2007). But that court's precedent established that juvenile delinquency, as defined by federal law, is "an adjudication of status—not a criminal conviction." *Id.* (cleaned up). So it didn't need to define "conviction" as used in § 1328(a)(3).

The Court reasoned that Congress has specifically limited "conviction" in other statutes to include only those in which the court entered a formal judgment. *Id.* at 112 n.6. And the relevant legislative history showed that Congress intended to broadly keep firearms out of the hands of "risky people"—a presumption that depends on the fact that the underlying offense occurred. *Id.* at 112–14, 112 n.6.

The Court also held that a state's expungement of the defendant's deferred judgment didn't nullify his conviction for purposes of the statutes. *Id.* at 114–15. The Court explained that expungement doesn't alter the underlying determination of guilt. *Id.* And it reasoned that in other statutes, Congress has expressly said that a "conviction" doesn't include deferred judgments later expunged. *Id.* at 118. So to give effect to state expungements where Congress has said nothing would "seriously hamper" the federal statutes' enforcement. *See id.* at 121–22.

Several courts (including ours) have applied *Dickerson*'s reasoning when defining "conviction" in other federal statutes. *See Aldaco v. RentGrow, Inc.*, 921 F.3d 685, 687–88 (7th Cir. 2019) (cataloging cases). The cases hold that unless Congress expressly provides otherwise in the statute, a "conviction" includes probation-before-judgment dispositions, even if expunged. *See, e.g., United States v. Campbell*, 980 F.2d 245, 251 (4th Cir. 1992) (holding that an expunged deferred sentence was a "conviction" for purposes of a sentencing enhancement); *United States v. Bridges*, 741 F.3d 464, 467–71 (4th Cir. 2014) (holding that a nolo contendere plea with adjudication withheld was a "conviction" under the Sex Offender Registration and Notification Act [SORNA]).

Applying *Dickerson*'s reasoning, a bankruptcy appellate panel has defined "conviction" for purposes of § 1328(a)(3) as including "a plea of guilty followed by a sentence of probation, despite the absence of the formal entry of a conviction by the criminal court." *Wilson v. Cumis Ins. Soc'y* (*In re Wilson*), 252 B.R. 739, 742 (B.A.P. 8th Cir. 2000).

We too follow *Dickerson*'s reasoning to reach the same conclusion. The term "conviction" as used in § 1328(a)(3) includes a determination of guilt—whether upon trial or guilty plea—followed by a sentence of probation, even without the formal entry of a conviction.

We find more support for our holding in Congress's response to a pair of Supreme Court decisions addressing restitution in state court proceedings.

In *Kelly v. Robinson*, the Supreme Court held that restitution imposed as a condition of probation in state court isn't dischargeable in a Chapter 7 bankruptcy proceeding. 479 U.S. 36, 52–53 (1986). That chapter generally excludes from discharge any debt "for a fine, penalty, or forfeiture" that's "for the benefit of a governmental unit" and "not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7).

But the Court later held in *Pennsylvania Department of Public Welfare v. Davenport* that restitution imposed as a condition of probation in state court is dischargeable in a Chapter 13 proceeding. 495 U.S. 552, 564 (1990), *superseded by statute*, Criminal Victims Protection Act of 1990, Pub. L. No. 101-581, 104 Stat. 2865. At the time, § 1328(a) discharged "all debts," with narrow exceptions for certain long-term and divorce-related debts. *See* 11 U.S.C. § 1328(a) (1984) (amended 1990).

9

Congress promptly responded by amending § 1328(a) to except restitution from discharge. *See* Criminal Victims Protection Act § 3, 104 Stat. at 2865. And the amendment's legislative history shows that Congress intended to prevent federal bankruptcy proceedings from invalidating restitution ordered in state proceedings. *See* S. Rep. No. 101-434, at 7 (1990), *as reprinted in* 1990 U.S.C.C.A.N. 4065, 4071 (explaining that the amendment invalidates *Davenport* and has the "effect of barring the use of chapter 13 by convicted criminals seeking to discharge court-ordered restitution payments"); H.R. Rep. No. 101-681, pt. 1, at 165 (1990), *as reprinted in* 1990 U.S.C.C.A.N. 6472, 6570 (explaining that the amendment invalidates *Davenport* and ensures that "no debtor with criminal restitution obligations will be able to discharge them through any bankruptcy proceeding").

Nothing in that history suggests that Congress wanted to limit § 1328(a)(3)'s reach based on the ultimate disposition of the state proceeding that imposed the restitution. And as noted in *Dickerson*, Congress has elected to carve out such exceptions in other statutes. *See* 460 U.S. at 111–12, 112 n.6.

Had it wanted to do so for § 1328(a)(3), it could have done so expressly. Congress has not, so we will not.

2.

Applying these legal principles, we hold that Feyijinmi's "probation before judgment" adjudication is a "conviction" under § 1328(a)(3).

Under Maryland law, when a defendant pleads guilty or nolo contendere or is found guilty of a crime, the court may "stay the entering of judgment, defer further proceedings,

and place the defendant on probation before judgment." Md. Code Ann., Crim. Law § 6-220(b)(1).

The records from Feyijinmi's Maryland state court proceedings aren't available. But we know that for Feyijinmi to be placed on probation before judgment, a court first needed to find her guilty. *See Howard Cnty. Dep't of Soc. Servs. v. Linda J.*, 869 A.2d 404, 410 (Md. Ct. Spec. App. 2005). And that's all that is required for the state disposition to qualify as a "conviction" under § 1328(a)(3).

That Maryland doesn't consider probation before judgment to be a "conviction" under state law is irrelevant. *See* Md. Code Ann., Crim. Law § 6-220(i)(3) (explaining that a defendant's discharge upon her completion of probation before judgment "shall be without judgment of conviction and is not a conviction for the purpose of any disqualification or disability imposed by law because of conviction of a crime"). Again, federal law governs the definition of "conviction" in § 1328(a)(3). *Cf. Dickerson*, 460 U.S. at 111–12.

And for good reason. Applying the federal definition promotes "national uniformity," *id.* at 112, and wards off "anomalous and unfair results," *Yanez-Popp*, 998 F.2d at 235 (cleaned up).

It also doesn't matter that the Maryland court struck its guilty finding when it granted Feyijinmi probation before judgment. We rejected this same argument in *Yanez-Popp*. *See* 998 F.2d at 237. As we explained there, "[s]triking the guilty finding did not mean the facts supporting the finding no longer existed; it merely rewarded petitioner for

11

good behavior during probation by technically erasing his conviction for reasons unrelated to its validity on the merits." *Id.*

The state's decision to expunge Feyijinmi's criminal records is similarly of no import. *Cf. Dickerson*, 460 U.S. at 114–15 (explaining that "expunction does not alter the legality of the previous conviction" and merely means that the state "has provided a means for the trial court not to accord a conviction certain continuing effects under state law"). What matters is that Feyijinmi was found guilty by a Maryland state court, which in turn means that Feyijinmi suffered a "conviction" under § 1328(a)(3).

3.

As a fallback argument, Feyijinmi claims that even if her probation before judgment is a "conviction," her restitution wasn't "included in a sentence." According to Feyijinmi, a sentence can't exist without a final judgment. And because probation before judgment in Maryland precludes the entry of a final judgment, she argues, her restitution wasn't ordered as part of a sentence. Not so.

Because the Code doesn't define "sentence," federal law again controls. *Cf. Dickerson*, 460 U.S. at 111–12. And we think it's clear that as used in § 1328(a)(3), "sentence" means the consequences resulting from a determination of guilt. *See, e.g., Bernstein v. United States*, 254 F. 967, 968 (4th Cir. 1918) ("In a legal sense, the sentence is the punishment fixed for the offense of which the accused has been convicted . . . .");

12

*Sentence*, Black's Law Dictionary (11th ed. 2019) (defining "sentence" as "the punishment imposed on a criminal wrongdoer").[4]

A deferred judgment followed by probation is a "sentence" under § 1328(a)(3). That's because "probation is a penal consequence." *See Bridges*, 741 F.3d at 469 (holding that probation assigned following a withheld adjudication was a sentence for purposes of a SORNA regulation).

There's no indication that Congress intended any other meaning of "sentence" for purposes of § 1328(a)(3). To the contrary, in amending the statute to "correct the effect" of *Davenport*, Congress intended to codify *Kelly*[5] and make "criminal restitution obligations nondischargeable in Chapter 13, as they currently are in Chapter 7." H.R. Rep. No. 101-681, pt. 1, at 164.

Thus, it follows that § 1328(a)(3) at least encompasses restitution that arises from the circumstances considered in *Kelly*. And there, restitution was ordered in a state probation-before-judgment disposition, after the defendant pleaded guilty to larceny. *Kelly*, 479 U.S. at 38–39.

---

[4] It's true that we've said that "a criminal judgment includes both a conviction and its associated sentence" and thus a "final judgment in a criminal case means sentence." *Woodfolk v. Maynard*, 857 F.3d 531, 542 (4th Cir. 2017) (cleaned up). But that a judgment requires a sentence doesn't mean that a sentence requires a judgment. In any event, *Woodfolk* addressed the time at which a judgment becomes final for purposes of the statute of limitations for a habeas petition, *see id.* at 536, 539—a statute and definition distinct from § 1328(a)(3). So it doesn't bind us here.

[5] Recall that *Kelly* held that restitution isn't dischargeable in Chapter 7 proceedings. 479 U.S. at 52–53.

Accordingly, we find that Feyijinmi's restitution—ordered in a probation-before-judgment disposition after a Maryland state court found her guilty of welfare fraud—was "included in a sentence" under § 1328(a)(3).

We also reject Feyijinmi's claim that her restitution was no longer a sentence when the debt was transferred to Maryland's Central Collection Unit and later converted to a civil matter. Just as expungement doesn't alter the legality of a "conviction," a state's decision to enforce restitution as a civil judgment "does not divest the restitution obligation of its identity as part of a criminal sentence." *Ulwelling v. Dick Wehner Crane Serv., Inc.* (*In re Ulwelling*), 133 F.3d 923, 923 (8th Cir. 1998) (per curiam) (unpublished table decision).[6]

### B.

We next address Feyijinmi's arguments related to the State's labeling the debt as "Court Ordered Fees" on its proof of claim. First, she argues that in so doing, the State waived its right to collect the debt post-discharge. Second, she argues that the bankruptcy court needed to determine whether the State's actions prejudiced Feyijinmi before it declared the debt nondischargeable. We are not persuaded.

---

[6] Nor was the bankruptcy court required to hold a plenary hearing to determine the correct interpretation of § 1328(a)(3). *See* Appellant's Br. at 23. Feyijinmi doesn't explain why such a hearing was necessary when the meaning of § 1328(a)(3) is a question of law, and there was no dispute that Feyijinmi was ordered to pay restitution as a condition of her probation before judgment. *Cf. Hensley v. Alcon Lab'ys, Inc.*, 277 F.3d 535, 541 (4th Cir. 2002) (discussing the need for a plenary hearing before enforcing a settlement when there's a dispute about the settlement's existence or terms).

1.

To begin, there's no basis for waiver because the State's proof of claim sufficiently characterized the debt as restitution.

A creditor may file a proof of claim to participate in bankruptcy. 11 U.S.C. § 501(a). The proof of claim must "conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a). If the claimed amount includes interest or fees in addition to the principal amount, the creditor must include an itemized statement of those expenses. Fed. R. Bankr. P. 3001(c)(2)(A).

The State adhered to this process. And to the extent that the proof of claim was ambiguous, it was cleared up by the attached restitution order, entitled "Judgment of Restitution." J.A. 18; *see In re Avery*, 272 B.R. 718, 723–24 (Bankr. E.D. Cal. 2002) (finding that although the proof of claim was "silent about the amount and classification of the claim," the attachments "made up for this paucity of detail and dispelled any doubt" about the debt's nature). If Feyijinmi needed more information about the debt or its characterization, she could have objected to the claim. *See* 11 U.S.C. § 502(a).

We also think it clear that restitution debts are nondischargeable without any action by the creditor. *Compare* 11 U.S.C. § 523(c)(1) (providing that certain debts are nondischargeable only if the bankruptcy court makes such a determination upon the creditor's request), *with* 11 U.S.C. § 1328(a)(3) (providing that restitution is nondischargeable, without qualification). Indeed, a restitution creditor isn't even required to file a proof of claim to collect on the debt post-discharge. *Cf. Kelly*, 479 U.S. at 39, 53

15

(determining that restitution is nondischargeable in Chapter 7, even though the creditors didn't file proofs of claim); *Aguiluz v. Bayhi* (*In re Bayhi*), 528 F.3d 393, 399 (5th Cir. 2008) ("[*P*]*er se* non-dischargeable [debts] "need not be claimed in bankruptcy proceedings to remain completely immune from discharge.").

So we reject any notion that the State waived its right to collect restitution by doing something (filing a proof of claim) it had no duty to do.

### 2.

We also reject Feyijinmi's claim of prejudice.

According to Feyijinmi, the State essentially amended its proof of claim when it characterized the debt as nondischargeable restitution post-discharge, given that it originally characterized the debt as dischargeable court fees. She claims that the bankruptcy court shouldn't have allowed the amendment without first considering any prejudice to her. *See, e.g.*, *In re City of Caps., Inc.*, 55 B.R. 634, 637 (Bankr. D. Md. 1985) (explaining that the bankruptcy court must consider whether the debtor would be "unduly prejudiced" before allowing an amendment to a proof of claim (cleaned up)).

But the State's proof of claim properly characterized the debt as restitution. In any event, we fail to see how Feyijinmi was prejudiced. When assessing prejudice in this context, courts ordinarily consider facts tending to show "bad faith or unreasonable delay in filing the amendment, impact on other claimants, reliance by the debtor or creditors . . . and change of the debtor's position." *Id.*

No such facts appear in this record. So Feyijinmi's prejudice claim fails.

16

\* \* \*

For these reasons, we affirm the district court's judgment.

*AFFIRMED*